## LANDRY v. NEW ORLEANS PUBLIC SERVICE, Inc., et al.

### No. 13790.

Court of Appeal of Louisiana. Orleans.

May 30, 1932.

Eraste Vidrine, Chas. I. Denechaud, Claude L. Johnson, and Jas. G. Schillin, all of New Orleans, for plaintiff.

Michel Provosty, City Atty., and Alvin R. Christovich, Asst. City Atty., both of New Orleans, for defendant City of New Orleans.

Ivy G. Kittredge, of New Orleans, for defendant New Orleans Public Service, Inc.

WESTERFIELD, J.

Miss Beatrice Landry, the minor daughter of the plaintiff, Henry I. Landry, was injured as the result of an accident which occurred on the night of April 21, 1927, and her father brings this suit against the New Orleans Public Service, Inc., and the city of New Orleans, claiming in her behalf damages in the sum of $11,240, and for himself the sum of $165 for medical expenses incurred in connection with her injuries.

At the time of the accident which resulted in the injuries to Miss Landry, she was a guest in an automobile owned by Mrs. Cora G. Moses and driven by Mr. Joseph Gumbel. Mr. Gumbel and Miss Landry had attended a dance, or social function, at the Southern Yacht Club situated on Lake Pontchartrain, and had started home, when having driven about 150 feet from the clubhouse, the front axle of the automobile struck the stump of a broken lamp post or electric standard which was situated on the edge of the roadway. The liability of the New Orleans Public Service is based upon the fact that at the time of the accident it was the owner of a franchise from the city of New Orleans, and under contract with the city to light the roadway. The city of New Orleans is sought to be held responsible upon the ground that it failed in its obligation to maintain its streets and roadways in a safe condition. The trial court dismissed plaintiff's suit as to the defendant New Orleans Public Service, Inc., and held the city of New Orleans liable in the sum of $4,000. Plaintiff has appealed from that part of the judgment dismissing the suit against the Public Service, Inc., and the city of New Orleans has appealed from the judgment against it. Plaintiff has also answered the appeal asking for an increase in the amount of the award to the sum of $6,000.

During the trial of the case in the lower court, some reference was made to the fact that the plaintiff had compromised his case as against Joseph Gumbel, the driver of the car in which Miss Landry was a guest passenger at the time of the accident. In the argument of the case here, it was agreed that the entire circumstances surrounding this transaction should be considered by us, and, accordingly, by consent of counsel, there has been filed in the record an agreement, dated December 14, 1927, between the Standard Accident Insurance Company of Detroit and Henry I. Landry and Mrs. Elma C. Landry, his wife, the father and mother of Miss Beatrice Landry, who was at that time a minor nineteen years of age, by the terms of which the insurance company, described as the carrier of a policy issued in favor of Mrs. Cora G. Moses (the owner of the automobile driven by Gumbel) protecting her against liability for damages for personal injuries caused by the operation of a certain Lincoln car, acquired "all the rights and actions which they and each of them (Mr. and Mrs. Landry) and their said minor daughter have, or may hereafter have growing or arising out of the said accident, and personal injuries sustained by their said minor daughter, against the City of New Orleans and any and all other parties by whose fault the said accident and personal injuries were caused in whole or in part," in consideration of the payment of $2,500 in cash. The agreement further stipulates for the release of Mrs. Moses and of Mr. Joseph Gumbel of all responsibility for the accident, and contains the following clause:

"It is agreed and understood that demand upon the City of New Orleans and any and all other party or parties at fault for said accident and injuries shall be made, and, if necessary, suit shall be filed on said demand, in the names of the said Mr. and Mrs. Henry. I. Landry, father and mother of the said minor on behalf of the said minor and of the said Mr. and Mrs. Henry I. Landry, jointly, by Messrs. Charles I. Denechaud and Claude L. Johnson, attorneys for the said Mr. and Mrs. H. I. Landry and Eraste Vidrine, attorney for the Standard Accident Insurance Co."

And then follows details concerning negotiations for settlement, and: "In the event notice of an intention is given to accept an offer as above provided, the said Mr. and Mrs. H. I. Landry shall have the right to decline such offer if they shall first pay to said insurance company the amount to which it would be entitled if such offer were accepted. 4th. In the event a larger amount then $2,500.00 is recovered, either by settlement or suit, the surplus shall be divided in the proportion of one-half to the said Mr. and Mrs. H. I. Landry on behalf of themselves and their minor daughter, and the other half shall be divided equally between the said Charles I. Denechaud, Claude L. Johnson and Eraste Vidrine, attorneys, for their services."

■ It is the contention of defendants that this agreement effected the release of defendants' codebtor in solido, with the result that they have been discharged from all liability under the provisions of article 2203, Rev. Civ. Code, which reads as follows:

"The remission or conventional discharge in favor of one of the co-debtors in solido, discharges all the others, unless the creditor has expressly reserved his right against the latter.

"In the latter case, he can not claim the debt without making a deduction of the part of him to whom he has made the remission."

Answering this contention, plaintiff's counsel deny that the agreement can have any such effect for the reason, primarily, that Gumbel, whose release was effected by the instrument, was not in fact a codebtor in solido, and for the further reason that there is in the record no plea of contributory negligence. The question of Gumbel's liability is not before us, since he is not a party to this litigation, and, for the same reason, it is difficult to see how any plea of contributory negligence could be made. However, at the time the settlement was made, Miss Landry apparently had a cause of action against Gumbel, as well as the city of New Orleans and the Public Service, and Gumbel, if liable, would have been liable in solido, to say nothing of the possible liability of Mrs. Moses, the owner of the car. Moreover, as the record is made up, it is quite possible that the management of the car by Gumbel could be considered negligent. At any rate, the payment of $2,500 in cash can be understood upon no other theory than a conviction of probable responsibility on Gumbel's part. As matters stood when the agreement was entered into, Gumbel sustained the relation of codebtor in solido to the plaintiff, and it seems to us that the settlement which the Landrys made with the insurance company was equivalent to a settlement with Gumbel, and amounted to the conventional discharge of a codebtor in solido. Orr & Lindsley v. Hamilton, 36 La. Ann. 790; Martin v. Sterkx, 146 La. 489, 83 So. 776; Fridge v. Caruthers, 156 La. 746, 101 So. 128.

■ But plaintiff's counsel say that, even if this be true, the agreement releasing Gumbel contained a full reservation of the Landrys' rights as against the other codebtors, the reservation of such right being subject to no formality but deducible from any expression in the release indicating an intention to reserve such right, citing Cusimano v. Ferrara, 170 La. 1044, 129 So. 630, 632. The language of the agreement relied on, as containing a reservation of the right to sue the other codebtors, is that which refers to the participation by the Landrys and counsel in such surplus as might be obtained by compromise or suit in excess of the $2,500 paid by the company. We cannot agree with this view for the reason that there is elsewhere in the agreement an absolute divestiture of all rights and of every claim against the other debtors, and a subrogation of the insurance company to such rights and claims. We regard the stipulation concerning a division of the surplus, when and if recovered, as a part of the consideration of the transfer of plaintiff's claim. The plaintiffs, having agreed to prosecute the suit in their own name for account of the real party in interest, the insurance company, are given a speculative interest in the recovery. We find in the agreement no reservation whatever, either express or implied, but, on the contrary, an actual assignment of the plaintiffs' claim for $2,500 in cash and a possible fraction of the amount to be collected as the result of the prosecution in behalf of the purchaser of the claim by the Landrys as nominal plaintiffs.

Under the circumstances, we believe the case to be within the provisions of the article of the Code referred to, and conclude that there can be no recovery.

For the reasons assigned, the judgment appealed from, in so far as it runs against the city of New Orleans, is reversed, and it is now ordered that plaintiff's suit be dismissed as against the city of New Orleans. In all other respects the judgment is affirmed, at plaintiff's cost.

Amended and affirmed.