147 So. 698

LANDRY v. NEW ORLEANS PUBLIC SERVICE, Inc., et al.

No. 32130.

March 27, 1933.

Eraste Vidrine and James G. Schillin, both of New Orleans, for applicants.

Nat. W. Bond, City Atty., and Henry B. Curtis and Alvin R. Christovich, Assts. City Atty., all of New Orleans, for defendant City of New Orleans.

Ivy G. Kittredge, of New Orleans, for defendant New Orleans Public Service Co., Inc.

ROGERS, Justice.

The relator, Henry Landry, on behalf of his minor daughter, Beatrice Landry, brought suit for damages against the New Orleans Public Service, Inc., and the city of New Orleans for personal injuries suffered by Miss Landry in an automobile accident. At the

time of the accident, which occurred on the night of April 21, 1927, relator's daughter was the ·guest of Joseph Gumbel, who was driving an automobile owned by his sister Mrs. Cora G. Moses. Miss Landry and Mr. Gumbel had attended a social function at the Southern Yacht Club. On leaving the clubhouse, the automobile in which they were riding struck the stump of a broken lamp post or electric standard on the edge of the roadway, resulting in the injuries to Miss Landry for which suit was brought. The New Orleans Public Service, Inc., was sued as the owner of a franchise from the municipality and under contract to light the roadway. The city of New Orleans was sued for its failure to maintain its streets and roadways in a safe condition.

The district court gave relator a judgment for $4,000 against the city of New Orleans and rejected his demand against the New Orleans Public Service, Inc. Relator appealed from that part of the judgment rejecting his demand against the New Orleans Public Service, Inc., and the city of New Orleans appealed from that part of the judgment awarding damages against it. Relator answered the appeal asking that the award in his favor be increased to $6,000. The appeals were taken to the Court of Appeal for the parish of Orleans. 142 So. 213.

It appears that during the trial of the case in the district court some reference was made to an alleged compromise effected between relator and Joseph Gumbel, the driver of the automobile. And in the argument of the case before the Court of Appeal it was agreed that the entire circumstances surrounding the transaction should be considered by that court. Accordingly, by consent of counsel, a written agreement, dated December 14, 1927, between the Standard Accident Insurance Company, of Detroit, and relator and his wife, the father and mother of Beatrice Landry, was filed in the record. The Standard Accident Insurance Company, under a policy issued in favor of Mrs. Cora G. Moses, the owner, was the insurer of the automobile in which Miss Landry was riding at the time she was injured.

The agreement set forth that in consideration of the receipt of $2,500 in cash, Mr. and Mrs. Landry and their minor daughter granted to Mrs. Cora G. Moses, Joseph Gumbel, and the Standard Accident Insurance Company a release of their claims growing out of the accident in which Miss Landry was injured and they subrogated the insurance company to all their rights and actions growing or arising out of the accident and injuries to Miss Landry "against the City of New Orleans and any and all other parties by whose fault the said accident and personal injuries were caused in whole or in part."

The assignment and subrogation was made and accepted subject to the following terms and stipulations, to wit:

"It is agreed and understood that demand upon the City of New Orleans and any and all other party or parties at fault for said accident and injuries shall be made, and, if necessary, suit shall be filed on said demand, in the name of the said Mr. and Mrs. Henry I. Landry, father and mother of the said minor, on behalf of the said minor and of the said Mr. and Mrs. Henry I. Landry, jointly, by Messrs. Charles I. Denechaud and Claude L. Johnson, attorneys for the said Mr. and

Mrs. H. I. Landry, and Eraste Vidrine, attorney for the Standard Accident Insurance Co." This stipulation is followed by another stipulation covering offers of settlement. Then follows a clause setting forth that:

"In the event notice of an intention is given (by the insurance company) to accept an offer as above provided, the said Mr. and Mrs. H. I. Landry shall have the right to decline such offer if they shall first pay to said insurance company the amount to which it would be entitled if such offer were accepted."

The agreement further provides that:

"In the event a larger amount than $2,500 is recovered, either by settlement or suit, the surplus shall be divided in the proportion of one-half to the said Mr. and Mrs. H. I. Landry on behalf of themselves and their minor daughter, and the other half shall be divided equally between the said Charles I. Denechaud, Claude L. Johnson and Eraste Vidrine for their services."

"In the event the said Mr. and Mrs. H. I. Landry pay to the said Standard Accident Insurance Co. the amount of an offer of settlement satisfactory to the said Insurance Company but not to the said Mr. and Mrs. H. I. Landry, all interest of the said Insurance Company in said claim or suit shall be carried on exclusively by and for the said Mr. and Mrs. H. I. Landry and at their expense. In the event a final judgment is obtained for a larger amount than $2,500 the said insurance company is hereby authorized, in its discretion, to record a certified notice of its interests therein and to assign, settle, or otherwise dispose of its said interest as it may deem proper."

And then follows the final clause providing for the compensation of the attorneys of the parties to the agreement and fixing the responsibility for the costs and expenses of the legal proceedings.

The Court of Appeal upheld the contention of the defendants that the agreement hereinabove referred to having released their codebtor in solido they were discharged from all liability under the provisions of article 2203 of the Civil Code. And the Court of Appeal, accordingly, annulled the judgment against the city of New Orleans and affirmed the judgment in favor of the New Orleans Public Service, Inc., thereby rejecting plaintiff's demands against both defendants. The case is now before us on a writ of review.

Plaintiff, answering defendants' contention, argues that neither Gumbel, Mrs. Moses, nor the insurance company were codebtors in solido with the defendants; and, if they were, that their intention as expressed in their agreement was not to release the defendants, but, on the contrary, to hold them for the entire debt. And plaintiff further argues that, in any event, the agreement reserves his right against defendants for the balance of the debt after deducting the amount received by plaintiff from the insurance company.

■ Irrespective of whether under article 2203 of the Civil Code the discharge of one joint tort-feasor discharges his cotort-feasors, or whether under the facts Gumbel and Mrs. Moses and the defendants are solidarily liable to plaintiff, we think that plaintiff in

receiving the payment of $2,500 from the insurance company did reserve his rights against the city of New Orleans and the New Orleans Public Service, Inc.

It must be remembered that there is nothing sacramental about the form in which such a reservation shall be made. No one is presumed to renounce a right unless it clearly appears that he intended to do so. And the intention to reserve a right against codebtors may be inferred from any expression in the release of one codebtor negativing the intent to release the other codebtors. Cusimano v. Ferrara, 170 La. 1044, 129 So. 630.

We are unable to agree with the Court of Appeal that under the agreement with the insurance company, Landry divested himself of all rights and claims against the other debtors, subrogating the insurance company to such rights and claims.

The assignment and subrogation to the insurance company was made subject to the right of Landry to enforce his claim for damages against the city of New Orleans or any other party or parties responsible for the accident and the resulting injuries to his minor daughter. The insurance company did not make the payment to Landry without exacting his obligation to prosecute his claim against the city of New Orleans and other responsible parties.

The purpose and effect of the assignment and subrogation to the insurance company, with the right reserved to the company to record a certified notice of its interest in any judgment obtained in excess of $2,500, was merely to protect the company to the extent of the payment which it made to Landry.

The intention of the parties, as we construe the agreement, was not that Landry should release the city of New Orleans and any other party at fault, but that he should hold them for the entire debt, accounting to the insurance company for the $2,500 received from the company in the event his recovery should be for a larger amount.

We do not understand the Court of Appeal found as a fact that Gumbel was a joint tort-feasor. It merely inferred that such was the case because of the payment of the $2,500 by the insurance company. But the payment, itself, does not constitute an acknowledgment by the parties that Gumbel was a joint tort-feasor. There is no admission to this effect in the agreement. On the contrary, the agreement indicates that Gumbel was not considered as being responsible for the accident, because the payment was made by the insurance company, possibly to avoid a lawsuit and a contingent liability, with the view of an ultimate recovery for the whole amount of the damages from the city of New Orleans and any other party at fault.

The Court of Appeal, necessarily, did not pass upon the correctness vel non of the judgment awarding plaintiff damages against the city of New Orleans and rejecting plaintiff's claim against the New Orleans Public Service, Inc. Hence, the case must be remanded for that purpose, and for the purpose of determining whether Gumbel is a joint tortfeasor with either or both of said defendants; and, if he is found to be such, whether the judgment rendered against either or both of the defendants should be credited with the $2,500 paid the relator Landry by the insurance company.

For the reasons assigned, the judgment under review is annulled, and it is ordered that the case be remanded to the Court of Appeal for further proceedings consistent with the views herein expressed; the costs of these proceedings to be paid by the city of New Orleans and the New Orleans Public Service, Inc., all other costs to await the final determination of the suit.