179 So. 303

**WILLIAMS et al. v. DE SOTO BANK & TRUST CO. et al.**

No. 34018.

Feb. 7, 1938.

See, also, 185 La. 888, 171 So. 66.

Henry W. Bethard, Jr., of Coushatta, and Lal C. Blanchard, of Shreveport, for appellants.

Wilkinson, Lewis & Wilkinson and Lee & Lee, all of Shreveport, and Craig & Magee and R. S. Williams, all of Mansfield, for appellees.

HIGGINS, Justice.

The defendants moved to dismiss the plaintiffs' appeal on the grounds that, after the judgment of the lower court was rendered, overruling the exceptions of the codefendant, DeSoto Bank & Trust Company, and sustaining the exceptions of the other individual defendants, and dismissing the suit as to them, and pending the appeal taken by the plaintiffs from the adverse judgment, plaintiffs entered into a written agreement with the codefendant, DeSoto Bank & Trust Company, through its receiver, releasing it from all further liability upon the payment of $3,750, but failed to reserve their rights against the Bank of Commerce & Trust Company, the original principal debtor for whom the individual defendants herein had signed as guarantors or sureties, and further failed to make any reservation in their motion to dismiss the suit as to the DeSoto Bank & Trust Company, after the aforesaid compromise settlement, and thereby released the individual defendants, who were liable in solido with the original debtor.

The plaintiffs resisted the defendants' motion on the grounds (1) that proper reservation of their rights was made in the compromise agreement and settlement, and (2) that the individual codefendants—the movers in the motion to dismiss—were not solidarily but jointly and severally liable and, therefore, the provisions of article 2203, Revised Civil Code, relied upon by the defendants, are not applicable.

The record shows that the plaintiffs instituted suit against the DeSoto Bank & Trust Company, as principal obligor, and the individual defendants, as guarantors or sureties, for the sum of $142,014.47, with interest, as joint obligors, alleging that the Bank of Commerce & Trust Company had acted as administrator of the succession of Willis W. Williams without bond, and because of maladministration of the affairs of the succession, became indebted to the plaintiffs, as widow and sole heirs respectively of the deceased, for the above sum; that the individual guarantors or sureties became liable as joint obligors, having guaranteed the solvency of the bank; that the Bank of Commerce & Trust Company became insolvent and was closed by the state banking commissioner under the provisions of Act No. 300 of 1910, and all of its assets and property were sold by order of court to the DeSoto Bank & Trust Company, which assumed all of the liabilities of the defunct bank; and that the DeSoto Bank & Trust Company was liable to them as principal and the individual defendants as guarantors.

All of the defendants filed exceptions of nonjoinder of parties defendant and no

cause of action, which were overruled as far as the defendant DeSoto Bank & Trust Company was concerned, but sustained as far as the individual defendants were affected, and the suit dismissed as to them. The plaintiff appealed.

Subsequent to the date of the institution of the suit, the DeSoto Bank & Trust Company became insolvent and was also closed by the banking commissioner. While the case was pending here on appeal, the plaintiffs entered into a compromise agreement with the receiver of the DeSoto Bank & Trust Company, whereby they settled, in writing, all of their rights, title, and claims involved in this suit against the defendant bank and dismissed the suit as to the bank, without the knowledge or consent of the individual defendants, but, at one and the same time, reserved and held "their claims of indebtedness, suit and causes of action against the remaining defendants (defendants herein being referred to as guarantors) their heirs and legal representatives * * * and dismissed the suit as against the DeSoto Bank & Trust Company, * * * but the execution of this receipt, the relinquishment of the aforesaid claims and the dismissal of the aforesaid suit against the DeSoto Bank & Trust Company, in receivership, and the Federal Deposit Insurance Corporation, in its capacity as receiver for the DeSoto Bank & Trust Company shall in no way be construed as a release or a relinquishment, either for the part or the whole, of their claims of indebtedness or causes of action (which arose because of the alleged maladministration of the Estate of Willis W. Williams, deceased, by the aforesaid administrators, the Bank of Commerce and Trust Company, and the said alleged guaranty agreement signed by the defendant guarantors, particularly asserted in the plaintiffs' petition in the suit aforesaid) against the said remaining alleged guarantors, their heirs and legal representatives, and, on the contrary, the said appearers, Mrs. Mable C. Williams, Louis Bryant Williams and Willis W. Williams, Jr., do formally and forever reserve unto themselves, their heirs and legal representatives and assigns, as authorized by the law of the State of Louisiana, the whole of their said claims of indebtedness, and their said causes of actions (which arose because of the alleged maladministration of the estate of Willis W. Williams, deceased, by the aforesaid administrator, the Bank of Commerce and Trust Company, and the said alleged guaranty agreement signed by the defendant guarantors, particularly asserted in plaintiffs' petition in the suit aforesaid) against the said alleged guarantors, to-wit, (here all of the individual defendants as guarantors are named and reservations made against the heirs, representatives and assigns of them); and further, said appearers, the aforesaid widow and heirs of Willis W. Williams, deceased, particularly and emphatically reserve the right to urge and to prosecute the final judgment for said suit (No. 15,156 of the docket of the 11th Judicial District Court for the Parish of DeSoto, and No. 34,018 of the Supreme Court of the State of Louisiana), against said alleged guarantors, their heirs and legal representatives."

Assuming that the DeSoto Bank & Trust Company was a codebtor, in solido, of the defunct and liquidated Bank of Commerce, and that the individual defendants were solidarily liable with them, a view most favorable to the individual defendants, with reference to their motion to dismiss, but without deciding these issues, we shall discuss the question of whether or not the plaintiffs, as creditors, expressly reserved their rights against the alleged codebtors, in solido. Article 2203, Revised Civil Code, reads as follows:

"The remission or conventional discharge in favor of one of the codebtors in solido, discharges all the others, unless the creditor has expressly reserved his right against the latter.

"In the latter case, he can not claim the debt without making a deduction of the part of him to whom he has made the remission."

From the allegations of the plaintiffs' petition and particularly articles 57 and 60, and in the act of sale by the liquidator of the Bank of Commerce & Trust Company to the DeSoto Bank & Trust Company, it appears that all of the assets, both personal and real, and all credits, causes of action, stocks, etc., belonging to the insolvent bank closed by the state banking commissioner were ordered sold by the court; that the DeSoto Bank & Trust Company acquired all of these assets, etc., and assumed payment in full of all of the obligations and liability of the defunct bank; and that as a result thereof the bank ceased to have corporate entity and completely passed out of existence.

■ In the case of Dolhonde v. Tangipahoa Bank & Trust Co., La.App., 1st Circuit, 153 So. 71, it was held that where a bank is closed by the banking commissioner under the provisions of Act No. 300 of 1910, and its assets sold, that this was a complete dissolution of the bank and its legal existence was ended. See, also, First National Bank of Selma v. Colby, 21 Wall. 640, 22 L.Ed. 687, 689; Thomas v. Marine Bank & Trust Co., 156 La. 941, 946, 101 So. 315; People's Bank & Trust Co. v. Louisiana State Rice Milling Co., 10 La.App. 401, 119 So. 779; Michel v. Southern Insurance Co., 128 La. 562, 54 So. 1010, Ann. Cas.1912C, 810; Levy v. Union Indemnity Co., La.App., Orleans, 146 So. 182.

The Bank of Commerce & Trust Company having been liquidated and dissolved under the provisions of Act No. 300 of 1910 was released by operation of law from any further liability to the plaintiffs and, therefore, any reservation as against the bank was unnecessary, as it would have been vain and useless.

■ In construing article 2203, Revised Civil Code, in the case of Cusimano v. Ferrara, 170 La. 1044, 129 So. 630, and in the case of Landry v. New Orleans Public Service, Inc. et al., 177 La. 105, 147 So. 698, this court held that there is nothing sacramental about the form in which the reservation against a solidary obligor shall be made and that one is not presumed to waive his rights against the other in solido obligors, unless it clearly appears that he intended to do so.

In the instant case, it clearly appears from the release and the record that the

plaintiffs in no way intended to release any obligor against whom it had a claim or cause of action arising out of these transactions, but endeavored to expressly reserve such rights.

For the reasons assigned, the motion to dismiss the appeal is denied at movers' costs.