REID v. LOWDEN et al. *

No. 1910.

Court of Appeal of Louisiana.
First Circuit.

Dec. 19, 1938.

Dubuisson & Dubuisson, of Opelousas, for appellant.

Barksdale, Warren & Barksdale, of Ruston, for appellees.

DORE, Judge.

Plaintiff instituted this suit seeking to recover from the trustees of the Rock Is-

land Railroad the sum of $42,900 as damages for injuries he received while operating a motor car as a section foreman of the railroad on November 1, 1935. He alleges that the motor car was struck by a truck of the Gulf Refining Company while crossing the railroad track on a paved highway and while the truck was travelling at high speed. The negligence charged to the defendant railroad is that it did not have a proper "stop" sign at the crossing to warn traffic on the highway of the presence of the crossing. Neither the Gulf Refining Company nor the driver of the truck was made a party to the suit.

The defendant first filed an exception of no cause or right of action which was overruled. It then filed an answer, coupled with a plea in bar. This plea in bar is based on the ground that on January 22, 1936, plaintiff signed a release in full in favor of the Gulf Refining Company on the payment by that company of the sum. of $3,200 in full settlement of all claims against it, without expressly reserving his rights against the railroad. Upon trial, this plea was sustained and plaintiff's suit dismissed. Plaintiff has appealed, and the defendant has answered the appeal praying in case that the plea in bar is overruled, that this court sustain the exception of no right or cause of action.

On the trial of the plea in bar, the defendant offered the written receipt and release signed by plaintiff in favor of the Gulf Refining Company in which plaintiff fully released that company from all liability on account of the accident. No reservation is made in the written release of any rights against the railroad or any other person. Plaintiff offered to prove by parole testimony that at the time he signed the receipt and release he expressly reserved his rights against the railroad, which evidence was objected to on the ground that it was an attempt to vary, alter, contradict or extend the written instrument, it being a compromise agreement which must be complete in itself and in writing. The objection was overruled, and testimony adduced.

The receipt granted by plaintiff is in writing as provided by Article 3071 of the Civil Code relative to compromise; and, in accordance with Article 2203, it would release all other co-debtors in solido, unless plaintiff expressly reserved his rights against the latter. Considering these two articles together, it is logical to

*Rehearing denied Jan. 11, 1939; writ of error granted by Supreme Court March 6, 1939.

hold that such expressed reservation of the creditor's right against a co-debtor should be contained in the receipt or compromise settlement. The plaintiff contends that since defendant is a third party to the receipt the parole evidence rule is not applicable. Yet plaintiff loses sight of the fact that defendant is not such a third party in that defendant is affected by the receipt. Plaintiff, in order to avoid the effect of this release as against the defendant, in accordance with Civil Code, Article 2203, should have expressly reserved his rights as to defendant; otherwise he has no one else to blame.

■ But, granting that plaintiff did have a right to show by parole a reservation of his rights against this defendant, the testimony does not show such an express reservation as is required by the Code. The only testimony on this point, which we accept as true, is the following by plaintiff:

"Q. Mr. Reid, at the time this release was taken, did you talk with King (the representative of the Gulf Refining Company) about its effect on your claim against the railroad? A. I did, and he assured me it had no effect whatever on compromise of any other claim that I might have for damages.

"Q. Did you have the understanding with him before signing this document? A. I did.

"Q. Would you have signed the document, if you had not had that assurance? A. I would not."

Plaintiff says that he brought up the question of the effect of the release on his claim against any other parties a week before he signed the release; at which time the representative of the Gulf Refining Company told him that he had tried to settle jointly with defendant but that they could not agree; and that he was going to settle separately.

It is true that the Supreme Court has held that the form by which a reservation is made of the creditor's rights against a co-debtor where one is released is immaterial, just so the intention to make the reservation clearly appears. Cusimano v. Ferrara et al., 170 La. 1044, 129 So. 630; Landry v. New Orleans Public Service, Inc., et al., 177 La. 105, 147 So. 698; Williams et al. v. De Soto Bank & Trust Company et al., 189 La. 245, 179 So. 303.

In the above cases, the reservation was not only made in the written release itself, but it was made in express and clear terms.

In this case, there is no express reservation of plaintiff's rights as against this defendant either in the compromise settlement or otherwise; nor has the plaintiff established it by the testimony. He only testified that he had an assurance from the other co-debtor that the settlement would have no effect on other claims that he might have for damages. Construing the situation in this case with that in the case of Irwin v. Scribner et al., 15 La.Ann. 583, plaintiff has not shown an express reservation of his rights against defendant. See, also, Orr & Lindsley v. Hamilton, 36 La. Ann. 790, and Fridge v. Caruthers, 156 La. 746, 101 So. 128.

We are of the opinion that the best rule to follow is that the express reservation of such rights should be in writing and that the same should be included in the release and compromise settlement, and also that plaintiff has failed to prove an express reservation. The judgment is therefore affirmed.