LAND, Justice.
 

 The widow and heirs of Willis W. Williams brought suit against the De Soto Bank & Trust Company and other defendants, for an alleged indebtedness resulting from the following alleged facts:
 

 1. That as a result of the administration of the succession of Willis W. Williams by Bank of Commerce & Trust Company, it became indebted unto plaintiffs in the sum alleged.
 

 2. That the De Soto Bank & Trust Company purchased the assets of the Bank of Commerce & Trust Company and assumed all of its debts.
 

 3. That prior to the purchase by the De Soto Bank & Trust Company, the other defendants herein became guarantors for the debts of the Bank of Com'merce & Trust Company.
 

 Plaintiffs prayed for judgment against the De Soto Bank & Trust Company for the full amount of the indebtedness, and against the other defendants jointly for the full amount.
 

 All of the defendants in the suit filed exceptions of misjoinder of parties and causes of action, nonjoinder of parties defendant, and no cause of action. The exceptions as to the defendants, other than the De Soto Bank & Trust Company, were sustained and plaintiffs’ suit as to them dismissed. The exceptions were overruled as to the De Soto Bank & Trust Company. From this judgment the plaintiffs appealed and the suit is now pending in this court on appeal.
 

 Subsequent to the rendition of the judgment in the District Court and the appeal to this court, the plaintiffs on the 23rd day of November, 1937, entered into a compromise agreement with De Soto Bank & Trust Company, whereby they settled all of their rights, titles and claims involved in these proceedings, released the De Soto Bank & Trust Company from all claims
 
 *851
 
 of indebtedness of every nature whatsoever arising out of the matters of fact and the law alleged in plaintiffs’ petition in this suit, and thereafter dismissed the suit as to the De Soto Bank & Trust Company. (See Exhibit “A” attached to defendants’ motion to dismiss.)
 

 The decision of this court in Williams v. De Soto Bank & Trust Company, 189 La. 245, 179 So. 303, rendered on motion to dismiss, disposes of all of the exceptions, with the exception of no cause or right of action, which was sustained as to the individual defendants in the lower court.
 

 In view of the compromise agreement between plaintiffs and the De Soto Bank & Trust Company by which that Bank has' been dismissed from this suit,' the individual defendants, who, of course, could not have done so in the court below — the matters now presented not having then occurred — have filed in this court, of date March 29, 1939, an exception of no cause or right of action based upon the record as now made up, including the compromise agreement which forms a part of the record of this court.
 

 The record as made up shows:
 

 1. That this was an action originally against the De Soto Bank & Trust Company, as principal, and against the other defendants solely as guarantors.
 

 2. That the action insofar as it applies to the principal, De Soto Bank & Trust Company, has been compromised and settled and the Bank discharged from all liability by reason of the claim set up in the action.
 

 3. That the action is now against the other defendants, as guarantors, or sureties.
 

 It is clear that the guarantors were discharged by the compromise with the De Soto Bank &' Trust Company, the principal debtor.
 

 The first paragraph of Article 2205 of the Revised Civil Code provides:
 

 “The remission or even conventional discharge granted to a principal debtor, discharges the sureties.”
 

 In the case of Hopkins v. National Surety Co, 157 La. 1035, 1038, 103 So. 314, 315, this court said:
 

 “Of course, where the creditor voluntarily compromises with the principal, or otherwise voluntarily discharges the debt, then the surety is entitled to his release.”
 

 This necessarily follows, since the obligation of the surety is only an accessory to that of the principal debtor.
 

 This being true, the record in this case, as now made up, discloses no cause or right of action against these defendants, and the exception of no right or cause of action filed in this court in this case should be sustained, and the judgment of the lower court, sustaining a like exception and dismissing plaintiffs’ suit at their costs, should be affirmed. '
 

 Counsel for plaintiffs urge in their supplemental brief that the denial of defendants’ motion to dismiss the appeal, as reported in Williams v. De Soto Bank & Trust Co., 189 La. 245, 179 So. 303, is res adjudicata of the points presented by
 
 *853
 
 defendants’ exception of no cause or right of action. This exception is based upon two propositions:
 

 1. The De Soto Bank & Trust Company was the “reincarnation” of the Bank of Commerce & Trust Company, and, therefore, the discharge and release of the principal debtor, De Soto Bank & Trust Company, under Article 2205 of the Louisiana Civil Code, operated to release the individual defendants from the alleged guaranty, and
 

 2. If the De Soto Bank & Trust Company was not the “reincarnation” of the Bank of Commerce & Trust Company, then by the purchase by the former bank of all the assets of the latter and the assumption of all its liabilities, the De Soto Bank & Trust Company became the principal debtor, and its release and discharge by plaintiffs operated to release here the individual defendants, the guarantors.
 

 The motion to dismiss the appeal which was overruled by this court in February of last year, 189 La. 245, 179 So. 303, 304, involved the proposition that the settlement of plaintiffs with De Soto Bank & Trust Company, without reserving their rights against the Bank of Commerce & Trust Company, either in the settlement agreement, or in the motion to dismiss the suit as to De Soto Bank & Trust Company, released these individual defendants as guarantors.
 

 Mr. Justice Higgins, as the organ of the court, in this connection, said:
 

 “The defendants moved to dismiss the plaintiffs’ appeal on the grounds that after the judgment of the lower court was rendered, overruling the exceptions of the codefendant, DeSoto Bank & Trust Company, and sustaining the exceptions of the other individual defendants, and dismissing the suit as to them, and pending the appeal taken by the plaintiffs from the adverse judgment, plaintiffs entered into a written agreement with the codefendant, DeSoto Bank & Trust Company, through its receiver, releasing it from all further liability upon the payment of $3,750, but failed to reserve their rights against the Bank of Commerce & Trust Company,
 
 the original principal debtor
 
 for whom the individual defendants herein had signed
 
 as guarantors or
 
 sureties, and further failed to make any reservation in their motion to dismiss the suit as to the DeSoto Bank & Trust Company, after the aforesaid compromise settlement, and thereby released the individual defendants, who were liable in solido with the original debtor.” (Italics ours.)
 

 Mr. Justice Higgins went on then to state*
 

 "Assuming
 
 that the DeSoto Bank & Trust Company was a codebtor, in solido, of the defunct and liquidated Bank of Commerce, and that the individual defendants were solidarily liable with them, a view most favorable to the individual defendants, with reference to their motion to dismiss,
 
 but without deciding these is
 
 sues, we shall discuss the question of whether or not the plaintiffs, as creditors, expressly reserved their rights against the alleged codebtors, in solido.”
 

 
 *855
 
 In conclusion, Mr. Justice Higgins said:
 

 “In the case of Dolhonde v. Tangipahoa Bank
 
 &
 
 Trust Co., La.App., 1st Circuit, 153 So. 71, it was held that where a bank is closed by the banking commissioner under the provisions of Act No. 300 of 1910, and its assets sold, that this was a complete dissolution of the bank and its legal existence was ended. [Italics ours.]
 

 * * * * , * *
 

 “The Bank of Commerce & Trust Company having been liquidated and dissolved under the provisions of Act No. 300 of 1910
 
 was released by operation of law
 
 from any further liability to the plaintiffs and, therefore,
 
 any reservation as against the bank was unnecessary, as it would have been vain and useless.”
 
 (Italics ours.)
 

 Thus, merely assuming a certain legal situation, as was stated in the opinion,
 
 "but without deciding these issues”
 
 this court simply held and decided that because the Bank of Commerce & Trust Company actually had been liquidated and dissolved under the provisions of Act No. 300 of 1910, any reservation as against that Bank would have been unnecessary, and the motion to dismiss the appeal, accordingly, was denied.
 

 The effect of this holding was to leave the De Soto Bank & Trust Company
 
 the sole principal debtor
 
 in the case, and its release and discharge operated, to release the individual defendants, guarantors or sureties.
 

 It is manifest that the contentions based upon the exception of no cause or right of action filed in this court are before the court for the first time, and never in this case, have either been considered, passed upon, presented or decided. The plea of res adjudicata is, therefore, without merit, and is overruled.
 

 For the reasons assigned, it is ordered, adjudged and decreed that the exception of no cause or right of action filed in this court be maintained, and that the judgment of the lower court maintaining the exception of no cause or right of action filed there and dismissing plaintiffs’ suit at their costs, be, and the same is hereby, affirmed.
 

 O’NIELL, C. J., does not take par-t.