On November 14, 1943, the Reverend Louis Ouallette was returning from Boeuf, in his passenger automobile, where he had said Mass, on his way to Morgan City, where he was to say another Mass, accompanied by two altar boys, namely: Herbert Joseph Le Blanc and Peter Lovelace Guarisco. When he arrived at the track of the Texas and New Orleans Railroad Company, which traverses the Boeuf-Morgan City road, and as he had ascended the track, an oncoming train collided with his automobile, resulting in the death of the priest, who was driving, and of the two altar boys, who were his passengers.
This suit was filed by the parents of Herbert Joseph Le Blanc, and a companion suit was filed by the parents of the other altar boy, Peter Lovelace Guarisco. The plaintiffs herein seek recovery from Father Ouallette's insurer in the sum of $10,000, alleging that the accident was caused solely by the gross negligence of Reverend Ouallette, particularly in that at the time of the accident he was driving his car without being on the alert, without keeping a proper lookout, without steadily watching the road and railroad crossing ahead, without keeping his automobile in proper control, and without stopping, looking and listening when he arrived at the stop sign at the railroad crossing. In their petition plaintiffs absolve the railroad company of any negligence, alleging that the crew of the train "blew for the said crossing and reduced its speed for the railroad bridge, which is a short distance east of the railroad crossing and the said public road, before reaching the crossing, and blew in ample time to warn Rev. Ouallette had he not been so negligent".
The defendant first filed an exception of no right of action or lack of interest, and then, in supplement thereof, a plea in bar, setting forth that the Rev. Ouallette and the Texas New Orleans Railroad Company were joint tort-feasors and that since plaintiffs, on February 21, 1944, signed a release in favor of the railroad company on the payment by that company to them of the sum of $1250 in full settlement of all claims against it, and since no reservation against the Rev. Ouallette or his insurer, or any other person, was contained in this written release, the release operated in favor, not only of the railroad company, but also of the joint tort-feasor, thus barring the prosecution of this claim against this defendant.
Upon trial, the exception or plea in bar was sustained and plaintiffs' suit was dismissed. Plaintiffs have appealed.
On the trial of the plea the defendant introduced and filed in evidence the following:
"Form:
"In consideration of the payment to us of the sum of One Thousand Two Hundred and Fifty Dollars ($1250.00), in cash, receipt whereof is hereby acknowledged in full settlement and compromise, we, and each of us, hereby release, discharge and forever acquit Texas and New Orleans Railroad Company, and any of its employees, agents and servants, from any and all claims for damages, past, present or future, to mind, body or estate, growing out of or connected with fatal injuries sustained by our son Herbert LeBlanc, on the morning of Sunday, November 14th, 1943, in a collision at or near Boeuf, Louisiana, between automobile in which he was riding and train owned and operated by Texas and New Orleans Railroad Company. *Page 34 
"This receipt and release is executed in duplicate originals at Morgan City, Louisiana, on this 21st day of February, 1944, in the presence of the undersigned witnesses.
"(Signed) Honore Eustache LeBlanc her "Louise Marie Bourgeois X LeBlanc. mark
"Witnesses:
"(Signed) J.Y. Gilmore "Victor Guarisco."
No reservation is made in the release of any rights against Rev. Ouallette or his insurer, defendant herein, or any other person. Plaintiffs offered to prove by parol testimony that prior to and at the time they signed the receipt and release they expressly reserved their rights against the defendant insurance company, which evidence was objected to timely by the defendant on the ground that it was an attempt to alter and vary the written receipt. The trial court deferred his ruling and the evidence was adduced. After trial, the court sustained the objection, basing his ruling on the case of Reid v. Lowden,192 La. 811, 189 So. 286.
It is contended by the plaintiffs that the lower court erred in sustaining the objection of defendant and in not considering the evidence sought to be introduced, which evidence shows that plaintiffs, not being aware that Rev. Ouallette carried liability insurance, sought to make out a case against the railroad company on the theory that the railroad company was solely to blame for the death of their son, made demand on the railroad company on December 16, 1943, for $15,000, had many conferences with the attorney of the railroad company looking to a possible compromise, ascertained on February 10, 1944, that Rev. Ouallette carried liability insurance with defendant, made demand upon defendant, and came to the conclusion that the railroad company was not liable, decided to abandon their claim against the railroad company and on February 21, 1944, accepted the $1250, and executed the receipt quoted supra. They further contend that they have never charged that the death of their son resulted from the concurrent negligence of the railroad company and the Rev. Ouallette, but, on the contrary, proceeded against the railroad company on the theory that it was solely responsible, then decided that it was not liable at all, abandoned their claim against it, and are now proceeding against the defendant as insurer of Rev. Ouallette, contending that he alone is liable for the death of their son, maintaining that the receipt and release given to the railroad company and the payment made by the railroad company to the plaintiffs are not sufficient to maintain the contention of the defendant that the railroad company and Rev. Ouallette were joint tort-feasors.
[1, 2] As to plaintiffs' contention that the lower court erred in finally sustaining defendant's objection to the introduction of parol evidence, under the present jurisprudence, we cannot agree with them that the trial judge committed error. In the case of Reid v. Lowden et al., 185 So. 100, we were called upon to review the sustaining of an objection to the introduction of parol evidence in regard to a receipt given by a claimant to a joint tort-feasor without expressly reserving his rights as against the other joint tort-feasor and therein held that the reservation of rights must be in writing as a part of the release itself, and cannot be proved by parol evidence. Our ruling was questioned by the plaintiff in that case, and a writ of certiorari was granted by the Supreme Court. See 192 La. 811, 189 So. 286, 288. The Supreme Court affirmed our ruling, stating: "The plaintiff entered into a compromise settlement granting one of the joint tort-feasors a discharge, all of which was reduced to writing. There is nothing in the written compromise settlement and release to show that the plaintiff intended to reserve his rights against the other tort-feasor. There is no beginning of proof. There is no ambiguity. Moreover, since the plaintiff availed himself of the provisions of Article 3071, R.C.C., he would be governed by the provisions of that article. The plaintiff cites Williams et al. v. De Soto Bank Trust Co.,189 La. 245, 179 So. 303, to the effect that there is nothing sacramental about the form in which the reservation is made. In the instant case the parties reduced their agreement of settlement and discharge to writing and there is no reservation made therein. The plaintiff is bound by his agreement and cannot alter or change it by parol evidence." Unless and until the Supreme Court decides otherwise, we are bound by its ruling on that objection to parol testimony. *Page 35 
[3] As to plaintiffs' second contention, it is true that plaintiffs' petition charges Rev. Ouallette as being solely responsible for the death of their son and exonerates the railroad company of any fault, yet the fact remains that in the very beginning they must have made demand upon the railroad company for retribution and which finally culminated in a compromise settlement and release as evidenced by the receipt. There must have been a demand and an insistence on behalf of plaintiffs that the Tailroad company was at fault in some way, otherwise there would not have been any cause or reason for the payment of the $1250.00 in the compromise settlement by the railroad company. The release clearly shows a claim of liability by the plaintiffs on the part of the railroad company. The consideration is adequate and cannot be said to have been paid by the railroad company as of a "nuisance claim". There being another claimant, a like amount was paid, making a total payment of $2500.
It should be noted further that the objection to the introduction of parol evidence to alter and vary the written receipt so as to show that the plaintiffs did not consider the railroad company as a joint tort-feasor was properly sustained. The discharge is explicit and contains no ambiguity and parol evidence is inadmissible to attack its legal operation. See Morgan v. Morgan, 5 La. Ann. 230.
In a way, the case of Reid v. Lowden is also decisive of this issue, in that the Supreme Court held that it was not necessary to have a judgment condemning two joint tort-feasors in order that the release of one joint tort-feasor was the release of the other. "The underlying principle being that there is but one debt and hence there can be but one satisfaction of it."
It is therefore our conclusion that, under the present jurisprudence, in the absence of any language in the release itself from which a reservation of rights is expressed or can be implied, or that the party granting the release did not consider the party to which the release was given was a joint tort-feasor may be inferred, parol evidence is inadmissible and the release is held to be conclusive as to the respective rights of the parties.
On the merits of the exception or plea in bar, we are convinced that it was correctly sustained. There is nothing in the receipt or release given to the railroad company to show that plaintiffs expressly or otherwise reserved their rights against Rev. Ouallette and or his insurer, the present defendant, and that the plaintiffs did not consider the railroad company as a tort-feasor or a joint tort-feasor.
For these reasons, the judgment appealed from is affirmed.