**The MEADOW BROOK NATIONAL BANK**

**v.**

**John B. MASSENGILL et al.**

United States District Court
E. D. Louisiana,
New Orleans Division.
May 20, 1968.

Jerry A. Brown, Monroe & Lemann, New Orleans, La., for plaintiff.

Nathan Greenberg, Gretna, La., for defendant, Mario Bonfanti.

J. J. Morrison, New Orleans, La., for the other defendants.

MITCHELL, District Judge.

The plaintiff, Meadow Brook National Bank, now merged with the Bank of North America, filed suit against the endorsers of a promissory note in the principal amount of $600,000 executed by West Jefferson Professional Medical Plaza, Inc., which merged into, and is now known as, Southern Land Title Corporation. The Court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

### I

On August 25, 1964, the defendants, John B. Massengill, Mario M. Bonfanti, Julian E. Hotard, Frank Spalitta, James H. Pfister, Charles L. Mammelli, Jr., and Sam J. Recile, endorsed a negotiable promissory note, dated August 25, 1964, in the face amount of $600,000, executed by West Jefferson Professional Medical Plaza, Inc., as maker, to the order of "Ourselves" and endorsed by West Jefferson Professional Medical Plaza, Inc. (which merged into Southern Land Title Corporation prior to the institution of this suit) in blank, payable at the rate of $5,022 per month, commencing September 25, 1964, for 179 months, with the balance of principal and interest due 180 months from date of the note.

### II

The terms of the note provided for the following:

a—Interest at the rate of 8 per cent per annum from date and 8 per cent per annum from maturity.

b—Attorneys fees of 10 per cent of the total amount involved in any default on the note.

c—Each endorser of the note (the defendants herein) waived demand, protest, and notice of protest, all pleas of division and discussion, and each endorser bound himself in solido with the maker of the note.

d—The note was paraphed for identification with, and the indebtedness was further secured by, an act of mortgage, on certain immovable property in the Parish of Jefferson, State of Louisiana, dated August 25, 1964, before C. Ellis Henican, Notary Public.

e—The maker and each endorser is bound by all of the provisions of this act of mortgage with which the note is paraphed for identification.

f—The act of mortgage provided that in the event of default, which included specifically nonpayment of any installment of principal or interest, the entire amount due on said mortgage note shall, at the option of the mortgagee, become immediately due and payable.

### III

A default on the terms of the note occurred on October 25, 1966, when the regular monthly installment was not paid. No monthly installments have been paid since that date; and the plaintiff, as holder of the note, exercised its option to declare the entire unpaid balance of the note, including principal, interest and attorneys' fees, due and payable.

### IV

On the date of default, the unpaid balance on the principal was $572,297.60. Plaintiff filed suit for that amount plus 8 per cent interest from September 25, 1966, until paid, and 10 per cent of the principal and interest as attorneys' fees.

### V

The plaintiff was not able to foreclose against the mortgaged property due to

the fact that Southern Land Title Corporation, successor to West Jefferson Professional Medical Plaza, Inc., and owner of the mortgaged property, was a debtor corporation in a proceeding in this Court entitled "In the Matter of Southern Land Title Corporation, Debtor, In Bankruptcy," No. 67–135, in which a stay order issued enjoining all mortgagees from foreclosing against property belonging to Southern Land Title Corporation.

## VI

However, by order dated August 8, 1967, "In the Matter of Southern Land Title Corporation, Debtor, In Bankruptcy", No. 67–135, judgment of disclaimer was entered, disclaiming the Jefferson Parish property which had been mortgaged to secure the debt evidenced by the note endorsed by defendants and sued on herein, and releasing and discharging Southern Land Title Corporation from all liability on the note, but expressly reserving to the plaintiff

" * * * any and all right which it has had, now has or might have against any other person or persons, other than the debtor corporation or its subsidiaries, who are or might be liable or indebted unto it on the notes evidencing the debts secured by the mortgages on these two properties".

## VII

On August 14, 1967, in the matter entitled "National Bank of North America v. West Jefferson Professional Medical Plaza, Inc. (now Southern Land Title Corporation)", No. 107–295 of the 24th Judicial District Court, Parish of Jefferson, State of Louisiana, plaintiff filed a petition for executory process to foreclose on the property released in the judgment of disclaimer. Although only the mortgagor was named as a party defendant, the plaintiff specifically reserved its right to proceed for any deficiency against the endorsers of the note, or any persons who are or may be liable in whole or in part, if the proceeds of the sale were insufficient to satisfy its claim.

## VIII

Notice of seizure was served upon Sam J. Recile as registered agent for Southern Land Title Corporation and the property was duly advertised and sold, with appraisement, for $200,000 at a Sheriff's sale. The net proceeds of the sale, after deduction of the Sheriff's fees and commissions, were $198,832, for which amount defendants were given credit by plaintiff in a supplemental and amended complaint filed in this case on February 28, 1968.

## IX

Additionally, plaintiff received $51,-179.72, representing certain insurance proceeds collected as a result of a fire loss to the mortgaged property and, in the supplemental and amended complaint, defendants were given credit for that amount.

## X

After allowance for all credits, the principal unpaid balance is $441,490.77, to which must be added interest at the rate of 8 per cent per annum from December 20, 1967, plus 10% of the interest as attorneys' fees.

## CONCLUSIONS OF LAW

### I

This Court has jurisdiction by virtue of diversity of citizenship of the parties and the amount in controversy.[1]

### II

The proper party plaintiff herein is National Bank of North America, inasmuch as the original plaintiff, The Meadow Brook National Bank, merged with it under Meadow Brook's charter, assuming the title "National Bank of North America".

### III

 The judgment of disclaimer rendered in this Court in the proceedings

---

1. 28 U.S.C. 1332.

entitled "In the Matter of Southern Land Title Corporation, Debtor, In Bankruptcy", No. 67–135, did not operate as a release of the defendants from liability as endorsers. One is not presumed to waive his rights against debtors in solido unless such intent is clearly manifested. In both the judgment of disclaimer and the foreclosure proceedings, it is apparent that plaintiff not only did not intend to release the defendants as endorsers but, on the contrary, fully reserved its rights against them as debtors in solido. There is nothing sacramental about the form in which the reservation against solidary obligors shall be made.[2]

## IV

■ Plaintiff sold the mortgaged property with appraisal,[3] thus the defense that the defendants were released under the Louisiana Deficiency Judgment Act is also unavailing.

## V

■■ Defendants were not released by virtue of plaintiff's failing to name them parties defendant in the *in rem* proceedings to foreclose the mortgaged property. Not only had plaintiff instituted suit against the defendants on the note prior to proceeding against the property but, under Louisiana law, plaintiff had a right to proceed against each endorser for the full amount owed, without foreclosing against the property.[4]

■ There is no requirement that an endorser, bound in solido with the maker of a note and mortgagor of property, be named as a party defendant in an executory process foreclosure and be served with a notice to appoint an appraiser.[5]

## VI

■ The defense of usury is not applicable in these proceedings. Defendants, as endorsers, are bound in solido with the maker of the note and are liable to the same extent as the maker or principal.[6] According to the provisions of La. R.S. 12:603, a corporation organized for profit may not claim the defense of usury. A fortiori, the defendants, as debtors in solido, are also precluded from raising this defense.[7]

## VII

■ Even if the defendants were not precluded from raising the defense of usury due to the provisions of La. R.S. 12:603, this defense would still not be valid under the instant facts. Except for the stipulation of counsel that plaintiff paid 95 per cent of par for the note executed by the maker to the order of "Ourselves", no evidence was presented on this issue. Payment of a sum less than the face value of the note is not sufficient to constitute usurious interest.[8]

## VIII

■ Plaintiff is entitled to a judgment on the unpaid principal balance in

2. Williams v. DeSoto Bank & Trust Co., 189 La. 245, 179 So. 303 (1938); Landry v. New Orleans Public Service, 177 La. 105, 147 So. 698 (1933); Cusimano v. Ferrara, 170 La. 1044, 129 So. 630 (1930).

3. La. R.S. 13:4106.

4. La.Civil Code, Art. 3045; Hibernia Bank & Trust Co. v. Succession of Cancienne, 140 La. 969, 74 So. 267, L.R.A. 1917D, 402 (1917); Continental Bank & Trust Co. v. Bouterie, 169 So. 812 (La. App.–1936).

5. Gumina v. Dupas, 178 So.2d 291 (La. App.–1965), cert. den. 248 La. 442, 179 So.2d 430; Polk Chevrolet, Inc. v. Vicaro, 162 So.2d 761 (La.App.–1964).

6. La.Civil Code, Art. 2091; W. F. Brown & Sons v. Easterly, 4 So.2d 73 (La.App. 1941).

7. 91 C.J.S. Usury § 74; Winkle v. Scott, 99 F.2d 299 (C.A.8–1938); cert. den., 306 U.S. 634, 59 S.Ct. 484, 83 L.Ed. 1036 (1934); Fine v. H. Klein, Inc., 10 N.J.Super. 295, 77 A.2d 295 (1950); Pardee v. Fetter, 345 Mich. 548, 77 N.W. 2d 124 (1956); Waterman v. Witteman, 25 A.D.2d 531, 267 N.Y.S.2d 660 (1966).

8. Medical Arts Bldg. Co. v. Southern Finance & Development Co., 29 F.2d 969 (C.A.5–1929); People's Bank & Trust Co. v. Fenwick Sanitarium, 130 La. 723, 58 So. 523, 43 L.R.A.,N.S., 211 (1912); Lubbock Hotel Co. v. Guaranty Bank & Trust Co., 77 F.2d 152 (C.A.5–1935).

the amount of $441,490.77 with interest at the rate of 8% per cent per annum from December 20, 1967, plus 10% per cent of the interest as attorneys' fees.

Let judgment be entered accordingly.