158 So. 11

## H. F. HINRICKS & SON v. LEWIS.

### No. 32149.

Nov. 26, 1934.

 

Dart & Dart and Louis C. Guidry, all of New Orleans, for appellant.

Ivy G. Kittredge, of New Orleans, for appellee.

BRUNOT, Justice.

On the Motion to Dismiss the Appeal.

This case is on appeal, by the plaintiff, from a judgment in its favor for $2,719, with legal interest thereon from judicial demand, and for the costs of court.

It may be noted here that the sum of the judgment, together with all accrued interest thereon to the date of the payment, and all court costs, were promptly paid by the defendant.

The defendant has moved to dismiss the appeal upon two grounds, viz.: Appellant's lack of interest in the judgment appealed from, and appellant's failure to have the American Surety Company of New York, an alleged necessary party to the appeal, cited herein.

It is true that appellant has no interest in the sum of the judgment appealed from, because it first assigned the judgment to one of its creditors to secure the payment of a debt of $1,200, and later it assigned the judgment, subject to the previous assignment thereof, to the American Surety Company of New York. Neither of these assignees are necessary parties to this appeal. The judgment in which they had an interest, by assignment thereof, was fully satisfied, and appellant is now exercising the right of appeal in an effort to recover the sum claimed in its petition, in excess of the sum awarded in the judgment appealed from. Appellant, therefore, has a vital interest in prosecuting the appeal, and, in our opinion, the American Surety Company of New York is not a necessary party thereto.

The motion to dismiss the appeal is therefore overruled.

On the Merits.

This suit grows out of a contract to make certain alterations and additions to the defendant's residence. The pertinent part of the contract is as follows:

"The Contractors and the owner, for the consideration hereinafter named, agrees as follows:

"That the Contractors will make alterations and additions to property No. 8011 Sycamore

street, between Short and Carrollton Avenue, bounded by Neron Place, New Orleans, La. That such alterations and additions are to be in accordance with plans and specifications prepared by H. F. Hinricks and Son, and designated for this particular work, for the sum of Three Thousand, Eight Hundred and Twenty-Five Dollars ($3,825.00).

"The Contractors are to furnish all labor, tools, materials, scaffolding, cartage, etc., necessary to do the work, and deliver up the work to the owner, clean and complete.

"The Owner agrees to pay the Contractors in current funds, thirty days after completion of the work."

The defendant did not avail himself of the provision in the contract fixing thirty days after the completion of the work as the date of payment therefor, but he advanced to the plaintiff $3,500 shortly after the work commenced. When the work was completed, the plaintiff demanded of the defendant payment of the sum of $8,232.68, less a credit of $3,500 paid during the progress of the work; in other words, payment of the additional sum of $4,732.68, this sum being the total of a balance due on the contract price of the work amounting to $325, and $4,407.68 for alleged extra work, etc., done on the defendant's building and premises, the items of which are set forth in the petition, but more in detail on pages 4 to 13, both inclusive, of appellant's brief. The defendant denied liability for the major part of the sum claimed. The plaintiff recorded the usual lien upon the defendant's property, and filed this suit for the sum demanded, less the admitted credit.

The defendant, in his answer to the petition, admits that certain work was done by

the plaintiff which was not included in the original plans and specifications, but he avers that the value of all extra work done by the plaintiff amounts to $1,209.85. Defendant also admits that a balance of the original contract price, amounting to $325, is due and unpaid; wherefore, he deposited in the registry of the court $1,534.85, and prayed for a judgment compelling the plaintiff to accept said sum in full settlement of all liability to the plaintiff for the work and extra work done by it on defendant's premises, and that it be condemned to cancel and erase from the records of the mortgage office the lien upon defendant's property, in favor of the plaintiff, of record in book 1333, folio 382.

When the case was called for trial, the learned judge of the civil district court handed down the following per curiam:

"The Court having listened to the reading of the petition and the answer and being convinced therefrom, that the case is a highly technical one calling for the services of an expert auditor in the nature of an educated and experienced architect, who should be appointed to hear the evidence, make a report to the Court of his findings and recommend to the Court a judgment, in accordance with the process laid down in the Code of Practice, and the Court having suggested this course to Counsel for the plaintiff and defendant, and both agreeing and consenting thereto, and each waiving their right to the appointment of an Expert and have the Court appoint an Umpire, but agreeing instead that the Court should appoint one Expert to perform this service alone, thereupon:

"It is Ordered by the Court: That Mr. Victor Wogan, an architect of this city be and he

is hereby appointed Expert auditor, with instructions to take the testimony of witnesses for the plaintiff and defendant, said evidence to be taken down by a stenographer to be furnished by this Court, and after hearing the evidence, to draw his report, together with his recommendations and a judgment, and in due course to file same with the Clerk of this Court, to the end, that if either party is dissatisfied with the report and recommendation, he may have ten days from the filing thereof to oppose the same, and the case to be tried by the Court on such opposition made to the recommendations of the Court's Expert."

Acting under the said appointment, Mr. Wogan heard the testimony of all the witnesses; examined all documents filed in the case; and, after personally inspecting the building and premises, reported to the court that the amount actually due the plaintiff in excess of the $3,500 paid the plaintiff, as the work progressed, is $2,719.

The defendant filed an opposition to the report, but it is not necessary to consider that plea, because the judge held that the auditor's report did substantial justice to the parties. He therefore rendered judgment accordingly, and the defendant promptly satisfied the judgment.

The plaintiff did not oppose the auditor's report, but it appealed from the judgment, as stated supra, and contends, in this court, that the report and judgment are erroneous as to its claim for extra work. We have considered this contention in connection with the report and the five volumes of oral testimony taken before the auditor, and have reached the conclusion that, if the judgment appealed from is erroneous in any respect, the error consists

in awarding the plaintiff a few dollars more than it is actually entitled to, but, as the defendant has paid the judgment without reservation of any right, it is therefore affirmed. The costs of the appeal to be paid by appellant.