174 So. 349

## MERRILL v. LOUISIANA MATERIALS CO., Inc., et al.

### No. 34303.

April 26, 1937.

O'Niell & O'Niell, of New Orleans, and K. K. Kennedy, of Baton Rouge, for appellant.

Hugh M. Wilkinson, A. Miles Coe, and Harry Nowalsky, all of New Orleans, for appellees.

HIGGINS, Justice.

Defendants filed a motion to dismiss the appeal on two grounds: (1) That at the time

the plaintiff filed his petition for an appeal, the entire judgment by which the plaintiff alleges he was aggrieved was paid in full and completely satisfied as a matter of record, and there was no unsatisfied judgment from which the plaintiff could appeal. (2) That, in the alternative, plaintiff had acquiesced in the judgment or had waived and relinquished his right to appeal therefrom a week before he filed the petition for an appeal.

Plaintiff instituted this suit against the defendants to recover his alleged share of one-third of the profits realized from a certain levee construction project, under a contract of joint venture between them. He demanded, primarily, a money judgment for $41,985.42, and a third interest in certain equipment which was purchased out of the profits; and, in the alternative, in the event the court should hold that he is entitled to one-third interest in the entire profits, but not to an interest in the equipment, that he recover a judgment for one-third of all of the profits or $84,657.16.

The case was tried on its merits and resulted in a judgment in favor of the plaintiff for $1,625.97. The defendants did not appeal, and after the delays for a suspensive appeal had elapsed, plaintiff made a written demand, through his attorneys, for the payment of the amount for which he had been granted judgment. Plaintiff's attorneys, in their letter, also advised the defendants that plaintiff intended to appeal from the judgment in so far as his demands were rejected, and that the collecting of the amount awarded by the trial judge was not to be construed as an acquiescence in the judgment disallowing the balance of the claim. The de-

mand for payment was refused, and plaintiff collected the amount through execution under a writ of fi. fa. The records of the clerk of the district court, as well as the civil sheriff's records in connection with the writ of fi. fa., disclose that the plaintiff's demand, in accordance with his attorneys' letter, was for the amount of the judgment or $1,625.97, plus interest and costs, and that that amount only was paid by the defendants.

 Defendants' first contention is predicated on the theory that there was one judgment which was indivisible and that plaintiff having accepted payment of the amount awarded, the judgment was fully satisfied. While it is true that the judgment does not expressly provide that the balance of the plaintiff's claim in excess of $1,625.90 is rejected, nevertheless, it is well settled that the failure to allow the full amount claimed was a rejection of the balance of the claim. This disallowance of the full amount sued for was as legally effective as if the trial judge had written such a clause in his decree. The letter of plaintiff's attorneys to the defendants made it clear that their client was dissatisfied with the judgment and since the defendants did not appeal, he would require the defendants to pay the amount allowed, but would appeal from the judgment disallowing the balance of plaintiff's claim. In other words, plaintiff's position was that he was entitled to the benefits of the favorable part of the judgment and had the right to appeal from the unfavorable part of it. Surely, under the circumstances, it cannot be said that there was a complete and full satisfaction of the judgment by paying the $1,625.97, plus interest and costs, so as to deprive the plaintiff of the right to appeal.

The defendants next argue that the plaintiff acquiesced in the judgment and waived his right to appeal. As we have already pointed out, plaintiff made his position clear and unequivocable that he was in no way acquiescing in the judgment insofar as it failed to allow the balance of his claim. Whatever merit there might be in the defendants' argument with reference to this controversial question upon which the later decisions differ with earlier jurisprudence, it is sufficient to say that this Court set at rest this issue in the case of Foster & Glassell Co. v. Harrison, 173 La. 550, 138 So. 99, in holding that where a plaintiff proceeded to execute a judgment to the extent that it was in his favor, such action on his part was not a waiver of his right to appeal from the unfavorable portion of the judgment. See, also, H. F. Hinricks & Son v. Lewis, 180 La. 898, 158 So. 11.

Counsel for the defendants have referred us to the case of Alengi v. Hartford Accident & Indemnity Co. (La.App.) 162 So. 218. That case was overruled by this court in 183 La. 847, 165 So. 8. There, we pointed out that while the plaintiff could limit his appeal to a consideration of the question of quantum with which he was dissatisfied, the defendants, by merely answering the appeal, but without appealing, had the right to place before the court the question of its liability.

For the reasons assigned, the motion to dismiss the appeal is denied.

O'NIELL, C. J., recused.