The plaintiff, James C. Brousseau, brought this suit for $15,498.97 for personal injuries and expenses arising out of an automobile accident, against Rheem Manufacturing Company and American Automobile Insurance Company, and it was consolidated for trial with the case of Michelli versus the same defendants,34 So.2d 264, an opinion and decree in which was handed down by us this day.
This demand grew out of the same accident, and the facts and issues respecting the accident are the same as presented in the Michelli case. Brousseau was a guest in Michelli's car.
This suit is defended upon the ground that Michelli's negligence was solely responsible for the accident. Defendants further claimed that Brousseau was negligent in that he acquiesced in Michelli's driving at a highly excessive rate of speed, and that he failed to warn Michelli that the Rheem Manufacturing Company truck and trailer had started to turn into the side road at a time when Michelli could have stopped his car and avoided the accident.
The defendants further averred that Brousseau made demand for his damages upon Michelli and the Hartford Accident and Indemnity Company, his insurance carrier, and that the claim against them was settled and compromised, and that the release executed by plaintiff is a complete bar to his recovery against defendants. In the alternative defendants plead that if the release is not a complete bar against plaintiff, then the amount received by him should be credited upon any judgment which he may obtain.
[1] In the Michelli case we held that the accident was caused solely through the fault and negligence of the operator of the Rheem Manufacturing Company truck, and there is nothing in the record to indicate that the plaintiff herein, Brousseau, was in anywise negligent or acquiesced in any negligent acts of Michelli.
[2] Also, for the reasons stated in the opinion and decree handed down this day in the case of Joseph S. Middleton versus these defendants, Middleton v. Rheem Mfg. Co. et al., La. App.,34 So.2d 271, the release executed by Brousseau in favor of Joseph T. Michelli and his insurance carrier does not constitute a bar to plaintiff's action herein.
In the lower court plaintiff recovered a judgment for $6,273.97, subject to a credit of $1,000 "already collected by him from another source."
The evidence shows that plaintiff sustained serious, painful and permanent injuries as a result of the accident. A review of the evidence discloses the following injuries:
(a) Loosening of four lower anterior teeth, centrals and laterals, which had to be removed and replaced with a bridge. This injury was accompanied by clinical and X-ray evidence of fractured alveolar bone with overlying tissues contused and adherent.
(b) Extensive lacerations of the scalp and face resulting in permanent and disfiguring scars.
(c) Cerebral concussion resulting in unconsciousness.
(d) Contusions of the left chest; abrasion of the left leg; general contusions.
(e) Hives resulting from the administration of anti-tetanus serum. *Page 275 
Brousseau was confined to the hospital from October 9, 1939, to October 18, 1939. He is a dentist by profession, and was in active service with the Navy when the necessity for removing the deadened teeth arose, and no other dentists being available he was compelled to make the extractions himself. He lost six weeks from his studies at the Loyola University Dental School, which had to be made up at the summer school sessions.
[3] Defendants have made no complaint regarding the amount allowed plaintiff, and considering the seriousness of his injuries, his stay in the hospital, the accompanying pain and suffering, the loss of teeth, and the scars and disfigurement, we do not believe that the amount awarded is excessive.
[4] Plaintiff in his answer to this appeal prayed that the $1,000 credit be disallowed, but the answer was filed only the day before the matter was argued and submitted to us, and for the reasons stated in our opinion this day handed down in the case of Joseph S. Middleton, plaintiff's answer to the appeal came too late and we are powerless to give it any consideration.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.