ELLIS, Judge.
This is an action for damages to the plaintiff’s automobile, traveling in a westerly direction, when it collided at an inter *154 section with the defendants’ southbound car. The City Court of Hammond, Seventh Ward, Tangipahoa Parish, pronounced judgment in favor of the plaintiff and the defendants have appealed.
The accident involved in this cause occurred on December 5, 1955, at the intersection of Ash and Third Street in the Town of Ponchatoula. Plaintiff’s vehicle was traveling in a westerly direction along Ash Street while the defendants’ car was proceeding in a southerly direction along Third Street. Neither was designated as a right of way thoroughfare.
The first car was being driven by Kenneth Dominguez, nephew of plaintiff’s wife. In the vehicle with him was his said aunt, occupying the front seat, and his sister, who occupied the rear seat. As no such defense was raised it can be concluded Dominguez was operating the car with the owner’s consent as the testimony shows he often drove the car and its owner thought him reliable. The second car was being driven by Louise R. Treas, one of the defendants, and was owned by her and her husband who was joined as a party-defendant. She was the only occupant.
The plaintiff bases his cause upon the contention that the Jacob vehicle had preempted the intersection. The defendants deny this pre-emption and plead contributory negligence.
As witnesses for the plaintiff, the driver, Dominguez, Mrs. Jacob, and the other passenger were called, as well as the plaintiff and Mrs. Sophie Fisher Lee.
The driver testified he was traveling about 25 miles per hour and when almost across the intersection he noticed the presence of the Treas vehicle and he “could do nothing about it, well I knew I was going to hit it and all I could do was think about controlling the car.” He further stated he was upon the right side of Ash Street; Mrs. Treas was traveling about 30 miles per hour; the Treas car struck the rear of the Jacob vehicle about the right back door and fender; at the time of the collision the front of the car he was driving was past the intersection. This witness continued, saying the car, when struck by the Treas vehicle, was turned so it headed east instead of west when it came to a stop west of the intersection upon Ash Street 7 or 8 feet, and when all of the occupants alighted it rolled into a ditch located upon the south margin of Ash Street.
Mrs. Jacob substantiated most of this testimony and placed the Treas car, after the accident, as being completely across the intersection headed south on Third Street, but admitted she did not see the car until the collision.
The other passenger, riding on the rear seat, stated she was examining some school material when the collision occurred, and her testimony is of no value in determining the facts.
The other witness introduced by the plaintiff heard a crash, looked up and recognized the Jacob car. She also stated the car was spinning or turning and was coming from the east to the west but turned around and came to rest along side the ditch hereinabove mentioned. In answer to a question by the Court she placed what she saw as being on the west side of the intersection some six to ten feet along Ash street.
Mr. Jacob arrived at the scene of the accident after the collision and evidenced the damage to his car. The right rear panel door and bumper were damaged. He placed his car as facing southeast on the south side of Ash Street about one car length past the intersection. He went to the home of Mrs. Treas and stated she told him “to tell you the truth I was looking back for my kid and when I looked up it had happened.”
The defendants introduced only Mrs. Treas. She stated she was going only about 10 miles an hour when she approached the intersection and had come almost to *155 a stop, glanced to her right and as she started to look in the other direction, left, the Jacob car was in front of her and she took her foot off of the accelerator. Further, she did not use her brakes because she thought the Jacob car would miss her; that she did not see the other car until she was in the intersection and “they were shooting in front of me, they looked like they were going to miss me but they didn’t.” She maintained the Jacob car was traveling on the left side of Ash Street and the collision occurred directly in the center of the intersection. According to her testimony she was coming from a school located about two blocks north of the intersection on Third Street; that after the collision she pulled out of the intersection and stopped her car. She did place the Jacob vehicle, after the collision, as being about three car lengths from the intersection on the south side of Ash Street qualifying this by explaining it was about four car lengths away but that Mrs. Jacob changed seats with the driver and tried to stear the car, shifted gears, and it went forward into the ditch. Upon cross examination Mrs. Treas stated she did look to the left before she looked to the right but later stated she did not know when she started to look to the left; when she did look toward the left the Jacob car was already in front of her.
The plaintiff, although admitting Mrs. Treas was traveling upon the right-of-way street, if another car approached from the east simultaneously, contends the intersection was pre-empted by the driver of plaintiff’s car prior to the arrival of the Treas vehicle; therefore, plaintiff’s car had the right-of-way. Regardless of whether any negligence on the part of Mrs. Treas contributed to the accident, we think that plaintiff’s recovery is barred by the contributory negligence of the driver of plaintiff’s car.
We, in Brashears v. Tyson, 86 So.2d 255, at page 257, cited Velasquez v. Murray-Brooks Inc., La.App., 68 So.2d 681:
“There it was stated that the mere fact that a motorist traveling on a less favored street is able to enter an intersection ahead of a vehicle on a right of way thorough fare is no indication that he has pre-empted the intersection and is entitled to the right of way. In Porter v. DeBoisblanc, La.App., 64 So.2d 864, the legal duty imposed upon a driver entering an intersection from a less favored street is set forth. If such a driver stops he has not completed the legal duty required, but this act must be followed by a careful examination of traffic on the favored street, and he should not enter the intersection unless he is certain he can do so without causing damage.”
The driver of plaintiff’s car admitted upon direct examination he did not see the approach of Mrs. Treas until he was “almost in the intersection * * * ”, Further, under cross examination, that he proceeded into the intersection although he could not see; that he had heard “who ever gets there first” had the right-of-way. According to his testimony he entered the intersection at about 25 miles per hour. If Mrs. Treas had been traveling at an excessive rate of speed he could have observed the certainty of being struck if he entered the intersection. If she was not traveling at such a rate of speed he should have observed her approach and made certain he could continue across the intersection “without causing damage.”
In the Brashears case the defendant was found not to be keeping a proper look-out. Also, that he was a sufficient distance from the intersection to have observed the preemption made by Mrs. Brashears had he been looking. The driver of plaintiff’s car did not stop although traveling upon the less favored street. From the evidence it is shown he thought he could avoid the accident by traveling faster after he observed the approach of Mrs. Treas.
*156 We conclude the driver of plaintiff’s car to have been guilty of negligence contributing to the accident and accordingly the judgment of the lower court is reversed at plaintiff’s cost in both courts.