TATE, Judge.
Plaintiff Mrs. Green was hurt when a store canopy fell upon her and two other ladies. The facts, legal issues, and reasons for recasting and affirming the decision below are fully set forth in our opinion giving reasons for judgment in the three consolidated cases reported as Green, Bailey, and Leger v. Southern Furniture Co., Inc., 94 So.2d 508.
Plaintiffs, Mr. and Mrs. Green, have filed answers seeking an increase in the amounts awarded below. Defendants seek to have the awards decreased.
The District Court summarized Mrs. Green’s personal injuries as follows:
“As a result of the accident Mrs. Cora Bailey Green sustained superficial *526 lacerations of the left forearm, left arm and right forearm, and multiple contusions and abrasions of the head, left shoulder, hip and thigh, and of the knees and the right ankle. She was hospitalized for a period of nine days immediately after receiving these injuries, and continued to receive medical treatment for several months thereafter. She was in a state of shock and was suffering severe pain when first admitted to the hospital. She continued to suffer severe pain for a few days, but had only mild pain requiring no sedation at the time she was discharged from the hospital. Within a period of three or four months after the accident she had completely recovered from the lacerations, contusions and abrasions. She sustained no fractures or dislocations, but as a result of the accident there was some aggravation of her pre-existing arthritis. At the time of the trial she was also suffering from hypertension and an anxiety neurosis. Both of these conditions existed prior to August 30, 19SS, but the accident did aggravate to some extent her pre-ex-isting neurotic condition.”
The District Court’s award of $2,-500 for pain and suffering and the aggravation of pre-existing conditions is not manifestly insufficient, based upon its finding of no great aggravation of Mrs. Green’s preexisting neurotic and arthritic condition, especially since she failed to introduce any evidence (such as that of her family physician, Dr. Brown, or of her husband) that there was any great change in her present residual condition as compared to that before the accident August 30, 1955. The evidence is almost uncontradicted that Mrs. Green was completely recovered from her . other injuries by the time of trial, February, . 1956.
Nor do we feel this award to be excessive, in view of the undoubted pain and. shock at the time of the accident, and the undoubted temporary aggravation to some extent of Mrs. Green’s neurotic condition.
The cases cited by both parties in support of their respective contention vary greatly, as usual, in amounts awarded, partly because of distinctions as to fact, and partly because of the greater purchasing power of the dollar at various periods in earlier days. We think the amount awarded is not out of line with the jurisprudence, bearing in mind that the allocation of general damages for pain and suffering and personal injury must of necessity vary greatly with the type of injury and the type of individual concerned.
The allowance and denial of special damages are not contested by the parties, except in the following instances:
(1) Defendants urge that the sum of $50 included in the medical expenses for Dr. Pollard’s examination should be disallowed as incurred primarily for the purpose of obtaining evidence for litigation rather than for treatment. Cummings v. Albert, La.App., 1 Cir., 86 So.2d 727.
But the evidence does not clearly show that the medical examination in question was solely for the purpose of eliciting testimony for this law suit, and we will therefore not disturb the District Court’s apparent determination that the purpose of examination was also for diagnosis by the specialist and treatment or recommendation therefor.
(2) It is suggested on behalf of Mr. Green that the award of special damages to him as master of the community should be increased to 'include Mrs. Green’s alleged loss of earnings due to the accident. Mrs. Green stated that she intended to accept a job at $3 per day before she was hurt. She was not working at the time of the accident. Without further corroboration than her own testimony, it was well within the discretion of the District Court to disallow this somewhat speculative item of damages. Rhymes v. Guidry, La.App. 1 Cir., 84 So.2d 634 (syllabi 9 and 15).
(3) Plaintiff ’Mr. Green prays that the medical expenses allowed should be in *527 creased to include the recommended psychiatric treatment. We understand the psychiatrist’s testimony to include a definite recommendation that Mrs. Green he given psycho-therapy and tranquillizing drugs to relieve more quickly the. increased tension attributable to the accident (Tr-356-357) and his estimate of the additional cost of such treatment and drugs as a minimum of $108 ($90 psycho-therapy, $18 drugs) (Tr— 159). We think it was probably an oversight on the part of the District Court not to have awarded such damages for uncon-tradictedly recommended future medical treatment, and accordingly we will amend the judgment in Mr. Green’s favor to this extent.
(4) Plaintiff correctly points out that the expert witness fee 'allowed Dr. Pollard, a specialist testifying by deposition, should be increased from $35 to $50, relying on Fee v. Calcasieu Paper Co., La. App., 1 Cir., 89 So.2d 434, 435.
The co-defendant owner and his insurer argue that, since the present plaintiffs only directly appealed in the court below insofar as its judgment dismissed plaintiffs’ claim against the owner and his insurer, therefore the trial court’s judgment became final as to quantum, and plaintiffs’ requested relief as to this cannot be considered. However, plaintiff filed an answer in this court to the appeal of the tenant and its insurer, which appeal brought the whole judgment (including the question of quantum) before us for review and entitles plaintiffs to seek the relief requested by answer to the appeal. Articles 592, 888, Code of Practice; Breaux v. Laird, 230 La. 221, 88 So.2d 33.
For the foregoing and for the reasons set forth in the consolidated opinion above-cited, the judgment below will be amended and recast as follows: the amounts of the judgment, interest, and costs in favor of the plaintiffs is affirmed, excepting that Dr. Pollard’s deposition fee is increased to $50 and that the award in favor of plaintiff Sylvester Green is increased by the additional amount of $108 for future medical treatment needed by Mrs. Green as a result of the accident; as thus amended, judgment is rendered in favor of plaintiffs and against defendants Mrs. Ida I. Kaplan, David Kap-lan, and Patricia Kaplan Sugar, and against their insurer, the Phoenix Indemnity Company, holding these named defendants sol-idarily liable to plaintiffs in said amounts; and judgment is further rendered on. their third party petition and call in warranty in similar amounts in favor of these named defendants and against their codefendant, the Southern Furniture Company, Inc. (against which codefendant alone this relief was sought by answer to the appeal). This latter defendant thus cast is assessed with all costs of these proceedings and of this appeal.
Amended and recast; affirmed.