TATE, Judge.
Plaintiff Mrs. Leger was hurt when a store canopy fell upon her and two other ladies. The facts, legal issues, and reasons for recasting and affirming the decision below are fully set forth in our opinion giving reasons for judgment in the three consolidated cases reported as Green, Bailey, and Leger v. Southern Furniture Co., Inc., 94 So.2d 508.
Plaintiff appealed devolutively requesting, inter alia, that the amount of the award for personal injuries below be increased. The defendants urge that this award should be reduced. Neither party contests the trial court’s allowance of medical expenses.
The fallen awning struck Mrs. Leger, a lady aged 67, on the shoulder, hack, and leg, and she sustained a ripping laceration of the little finger of the right hand. First aid treatment (wrapping of the finger) was given her at the scene of the accident, and she then went to Dr. Steve Price. Dr. Price found a fracture of the joint and rupture of the joint capsule of the right little finger, bruises of the left shoulder and cervical spine area, and some muscle spasm in the back. Mrs. Leger complained of *530 pain in the right knee. X-rays were negative of any fracture or dislocation of the back, left shoulder, and knees, although they indicated pre-existing hypertrophic arthritic changes in the back.
At this initial examination immediately following the accident, Dr. Price felt Mrs. Leger was suffering with a traumatic inflammation of the back muscles (traumatic myositis), and he treated the right little finger by suturing the laceration and putting it in a light cast.
Dr. Price treated Mrs. Leger for her injuries, by dressings and penicillin for the hand initially, and subsequently up until the trial (six months after the accident) •diathermy treatments for the complaints •of pain to the back and shoulder.
Dr. C. V. Hatchette, an orthopedic specialist examining plaintiff on behalf of •defendants almost six months after the .accident, found no residual disability at all, .and found the little finger of the left hand in the same condition as the injured little Anger of the left hand through similar arthritic changes. He did not, however, •examine for arthritic changes in the back and shoulder.
The District Court allowed plaintiff $500 for pain and suffering and $500 for her personal injuries including aggravation of her pre-existing arthritic condition. Relying on plaintiff’s own- testimony that before the accident she had never suffered these pains in her back, shoulder, and leg, because of which she is now hampered in the performance of her housework; and •on Dr. Price’s testimony that he had seen plaintiff as a patient several times before the accident, when she had never expressed her present complaints for which he was treating her at time of trial; able counsel for plaintiff urges that she is entitled to a greater award by reason of this permanent activation of a previously unpain ful arthritic condition. Dr. Price testified that the aggravation of the dormant arthritic condition into a painful state is a matter of symptoms felt by the patient, not necessarily of physical change observable by x-rays.
This testimony could support a substantially greater award. But we are unable to say that the District Court’s award of $1,000 in all is manifestly erroneous in view of his finding of the relatively slight pain by reason of aggravation and in the absence of a more definite prognosis of permanency and of further corroborative evidence of Mrs. Leger’s complaints. The award will be affirmed.
For the foregoing and for the reasons set forth in the consolidated opinion above cited, the judgment below will be amended and recast as follows: the amount of the judgment, interest, and costs in favor of the plaintiff is affirmed; judgment is rendered in favor of plaintiff and against defendants Mrs. Ida I. Kaplan, David Kap-lan, and Patricia Kaplan Sugar, and against their insurer, the Phoenix Indemnity Company, holding these defendants solidarily liable to plaintiff in said amount; and judgment is further rendered on their third party petition and call in warranty in similar amount in favor of these defendants and against their codefendant, the Southern Furniture Company, Inc. (against which codefendant alone this relief was sought by answer to the appeal). This latter defendant is assessed with all cost of these proceedings and of this appeal.
Amended and recast; affirmed.
ELLIS, J., dissented.