LOTTINGER, Judge.
This is a suit for property damages resulting from an intersectional collision in the City of Hammond on March 9, 1956. The petitioner is John Macon Oswalt, the owner of one of the vehicles. The defendant is Transcontinental Insurance Company of New York, the insurer and sub-rogee of Susie M. Jacobsen who was driving the other vehicle. The Lower Court gave judgment in favor of petitioner and against defendant in the amount of $256.17. The defendant has appealed.
The record shows that the accident occurred at the intersection of Pine and Robert Streets in the City of Hammond, Louisiana, at about 11:00 o’clock a. m. on March 9, 1956. Prior to the accident, Mrs. Oswalt, the driver of petitioner’s automobile, was driving north on Pine Street. Miss Jacobsen was driving west on Robert Street. Neither of the said streets have a stop sign, and both are hard surfaced and they each have a width of approximately 20 feet. The weather was clear, and, although there were a few trees and shrubs at the intersection, the witnesses testified that the intersection could not be considered a blind one.
Both drivers claim that they were driving at about 20 to' 25 miles per hour prior to the collision. Mrs. Oswalt does not remember whether or not she looked for oncoming traffic prior to entering the intersection. She admits she did not stop prior to entering the intersection. She admits she never *234 saw the Jacobsen car until just prior to the impact and at a time when it was less than a car length away. She has no explanation for not seeing the Jacobsen car. Mrs. Oswalt further admitted that when she saw the Jacobsen car she stepped on the accelerator. Miss Jacobsen stated that when she first saw the Oswalt car that they had both “just started into the intersection.” The Jacobsen car struck the Oswalt car on the right rear fender and door. As a result of the collision, the Oswalt car was turned around about 180 degrees and came to rest facing southeast with its back wheel against the west curb of Pine Street, and at a distance of some 10 to 20 feet from the point of impact. The Jacobsen vehicle came to rest at the northwest corner of the intersection, with its front wheels on a neutral ground and its rear wheels in a ditch, and facing in a northerly direction. The evidence indicates that the Oswalt car was in the northern half of the intersection at the time of impact, and that the front end of the car was probably outside of the intersection.
It was stipulated by council that the damages to the Oswalt car was in the sum of $256.17, and that the damages to the Jacobsen car was in the amount of $698.50. The petitioner sues for his damages, the defendant answered denying any liability and entered a reconventional demand for its damages in the amount of $698.50. The Lower Court awarded damages to petitioner and dismissed the reconventional demand of the defendant. The defendant has appealed.
As usual in an intersectional collision of this type, one of the parties claim the right of way by virtue of its preemption of the intersection, while the other party claims it had the right of way by virtue that he was coming from the right. A similar situation prevailed in Gautreaux v. Southern Farm Bureau Casualty Co., La. App., 83 So.2d 667; Commercial Credit Corp. v. Serpas, La.App., 94 So.2d 83, and in Jacob v. Treas, La.App., 94 So.2d 153. These cases are very similar to the present one.
The law of our state (LSA-R.S. 32:237, subds. A and B) is to the effect that when neither street has been specifically designated a right of way street, and when two vehicles approach or enter the intersection at approximately the same time the car approaching from the right shall be favored and shall have the right of way. This rule, in this particular case, would give the defendant the right of way. Another rule of our state is that the person who preempts an intersection shall have the right of way. This rule, however, is based upon the fact that at the time of entering the intersection, the party had a reasonable possibility of clearing the right of way without interfering with oncoming traffic. Certainly under the facts of this case the right of preemption does not apply to the plaintiff. In the Gautreaux case this court stated as follows:
“In the everyday world, ordinarily prudent motorists on the main thoroughfare do not slow before each corner and attempt to peer down the side-streets, but instead concentrate most of their attention on the path ahead, relying on their legal 'right of way’. Legislative provisions for right of way are to facilitate the passage of traffic in this congested twentieth century world. If to accomplish this purpose, and in realization that even observing the path ahead may tax the ordinary motorists’ powers of sustained observation, the legislature has relieved the motorist on the right of way street of a duty ordinarily to' slow before each intersection (and, consequently, of a duty to take this attention from the path ahead by darting glances each way down the intersecting streets), appellate courts should not supply artificial standards in an unrealistic attempt to allocate damages after an accident has occurred.” [83 So.2d 669.]
*235 Under the facts of this case, as the Jacobsen automobile was approaching from the right, it was afforded the right of way, Miss Jacobsen, therefore, was given the legal right to presume that any motorist approaching the intersection from her left would respect her right of way.
On the other hand, under the right of preemption, a motorist approaching an intersection has the right of way over oncoming traffic only if the motorist exercises the necessary precautions in determining that he can enter and have a reasonable possibility to cross the intersection safely. We have many times held that the right of preemption does not prevail in favor of a motorist entering an intersection first in a careless and reckless manner.
From the facts of this case, it is apparent to this court that Mrs. Oswalt entered the intersection without regard to oncoming traffic. She testified that she does not remember whether or not she looked to see if anyone was approaching. Had she looked, we feel sure that she would have remembered. She also testified that upon noticing the approaching vehicle, she speeded up in an attempt to get out of the way, which is probably the reason the impact took place in the northern part of the intersection. Although she claims that the Jacobsen car was approaching at an unlawful speed, the facts do not bear this out. Miss Jacobsen testified that she was driving slowly, that she had only been on the street about one block, that she did not have time to apply her brakes prior to the impact, and the relatively slight damages, together with the short distances traveled by each vehicle after the accident, indicate that both drivers were driving at a slow rate of speed.
We feel that under the circumstances of the case, Miss Jacobsen was correct in relying on her right of way, and upon assuming that less favored traffic would respect her right of way. Under the holding of the cases above cited, it is our opinion that the proximate cause of the accident was the negligence of Mrs. Oswalt in entering the intersection in the face of oncoming favored traffic.
For the reasons assigned, the judgment will be reversed and there will be judgment on the reconventional demand in favor of Transcontinental Insurance Company of New York and against John Macon Oswalt in the sum of $698.50, with legal interest from date of judicial demand. All costs to be paid by petitioner.
Judgment reversed.