TATE, Judge.
This is a suit for personal injuries by a passenger against the liability insurer of the car in which she was riding. The negligence of the driver is admitted. The sole question on appeal involves the amount of the damages awarded, as the plaintiff alone appeals, alleging that the award of $950 for her personal injuries is inadequate in amount.
As a result of the accident, plaintiff sustained brush burns and bruises of her right hand, wrist, knee, leg, and ankle. She further suffered a mild cerebral concussion and had a large hematoma (or bruise) over her left scalp. The concussion did not produce unconsciousness, and the plaintiff’s blood pressure and neurological symptoms were normal when examined by a doctor shortly after the injuries were sustained.
Following the accident of February 10, 1956, the plaintiff was hospitalized for approximately twelve days. The attending physician stated that this was simply for observation should there be any possible complications following the blow on the head; and that there were none.
Following her discharge from the hospital, the plaintiff reported to her doctor’s office on several occasions. On April 26th she was discharged as completely recovered except for occasional headaches— “one headache in a week’s time or two weeks’ time” (Tr-35), according to her then complaint. The attending physician stated that such occasional recurrence of headaches was a temporary condition, normally disappearing in from six to eight weeks.
There were no residual psychological or psychiatric findings resulting from the accident, accoording to an examining psychiatrist.
The trial court is .accorded great discretion in the award of damages for personal injuries; although these should be awarded with some uniformity for similar injuries, having due regard for the great variations in the individual circumstances thereof. Duree v. State, La.App. 1 Cir., 96 So.2d 854, 863 (syllabi 17, 18). Furthermore, factual determinations of the *382 trial court should not be disregarded on review, especially when founded upon an evaluation of the credibility of witnesses, except when manifestly erroneous. Guidry v. Crowther, La.App. 1 Cir., 96 So.2d 71.
We do not think the award to be manifestly inadequate. See such cases as Palmer v. Fidelity & Cas. Co., La.App. 1 Cir., 91 So.2d 77 (syllabi 3, 4); Dowden v. State, La.App. 2 Cir., 81 So.2d 61; Trahan v. Lantier, La.App. 1 Cir., 33 So.2d 136. Cassar v. Mansfield Lumber Co., 215 La. 533, 41 So.2d 209, relied upon by plaintiff-appellant, concerns more serious injuries, including a neurosis.
Undoubtedly, had the District Court accepted plaintiff’s testimony of recurrent headaches long past the accident and up to the date of the trial, which the medical testimony indicated to be a possible consequence of the concussion sustained by her, then a greater award was allowable. However, ultimately a finding to this effect depends upon the evaluation by the trier of fact of the genuineness of the plaintiff’s continued complaints of headaches.
And we are unable to hold that the District Court erred in discounting these continued complaints. We note that the plaintiff failed to call as corroborating witnesses her parents with whom she was living and her part-time employer, all of whom according to her testimony were familiar with the disabling nature and re-currency of her headaches; also that after April 26, 1956 (two and a half months after the accident) when she last saw her attending physician, she made no further efforts to obtain medical treatment of or consultation concerning these alleged recurrent headaches until some time in January, 1957, after the present suit was filed, when she was re-examined by the attending physician at the request of the defendant.
For the above and foregoing reasons, the judgment of the District Court is affirmed.
Affirmed.