LOTTINGER, Judge.
This litigation arises out of an intersec-tional collision which occurred in the City of Hammond, on March 24, 1956, between 8:00 and 8:30 a. m.
The petition alleges that just previous to the accident the plaintiff was driving his 1950 Plymouth automobile in a westerly direction on West Morris Avenue at a reasonable rate in the proper lane of traffic and that as he continued into the intersection of West Morris Avenue and Magnolia Street, but before completing the crossing of same, the left front of his vehicle collided with the right front of the defendant Taramino’s car which suddenly entered the intersection from his left. Negligence is charged against the defendant Taramino in operating his vehicle at a rate in excess of that permitted under the ordinances of the City of Hammond and in failing to yield the right of way to the plaintiff who had approached the intersection from the defendant Taramino’s right.
The answer of the defendant Taramino and his liability insurer, The Delta Fire & Casualty Company, denied any negligence on the part of Taramino, alleging that the accident was due solely to the negligence of the plaintiff in driving at an excessive rate and in entering the intersection after it had already been pre-empted by Taramino and, alternatively, pleading contributory negligence as a bar to plaintiff’s recovery.
The trial judge awarded judgment in favor of plaintiff and the matter is now before us on an appeal taken by the defendants.
The record establishes that the weather was clear on the day of the accident and the pavement was dry. The impact occurred near the center of the intersection. Both streets were paved and neither has the right of way over the other by virtue of municipal ordinance. There is no evidence of any obstruction of view to either driver. Under the circumstances the plaintiff had the statutory right of way under the provisions of LSA-R.S. 32:237, subd. A.
There is little or no dispute as to negligence on the part of the defendant. He testified that he was in second gear and traveling at about 25 miles per hour and did not see the plaintiff’s car until the moment of impact. Obviously, he was not keeping a proper look-out and was negligent in not yielding the right of way to the vehicle approaching from the right.
The only serious question is whether or not the plaintiff was guilty of contributory negligence. According to his testimony he had left his place of business just prior to the accident and had traveled just one block to the point of impact. He was traveling between 20 and 25 miles per hour and as he approached the intersection, observed the defendant, Taramino, approaching from his left at a high rate of speed. The plaintiff did not apply his brakes but proceeded into the intersection, thinking that the defendant would slacken his speed. When the *455 plaintiff first saw the defendant, he was from 100 to 150 feet away, a distance which would afford the latter ample time within which to slow down. While the plaintiff admitted that the defendant, Taramino, was traveling at a high rate of speed, there is nothing which would make it obvious that the defendant Taramino did not intend to or could not honor his right of way. Pertinent here is our recent holding in the case of Oswalt v. Transcontinental Insurance Company of New York, La.App., 96 So.2d 233, wherein we held that the defendant was correct in relying on a right of way and assuming that less favored traffic would respect said right of way and further holding that the proximate cause of the accident was the negligence of the plaintiff in entering the intersection in the face of on-coming traffic. See also Brashears v. Tyson, La.App., 86 So.2d 255, and Jacob v. Treas, La.App., 94 So.2d 153.
In assessing damages, the trial court held as follows :
“Plaintiff has offered the bill of Wig-inton’s hospital for $143.50; Thomas ambulance service $5.00, and a drug bill of Roy’s Pharmacy $3.39; bill of Dr. Cali for $102.00, making a total medical of $253.89.
“The only testimony as to the damage to plaintiff’s automobile is that of plaintiff himself who fixes it at $450.00. While this valuation is uncorroborated, plaintiff being a dealer and considering his testimony that the car was in process of sale or trade at the time, with its value fixed at this price, his testimony is entitled to considerable weight. However, plaintiff does not show that the deal had actually been consummated for this valuation and there is, therefore, an element of speculation. This, coupled with the fact that the vehicle had some salvage value as shown by defendant’s offerings numbered one through four, the court will fix the damage to this automobile at $350.00.
’ “On the question of personal injuries, the court takes into consideration the following facts:
“According to Dr. Cali, plaintiff’s attending physician, plaintiff suffered severe pains in his back and chest and right hip and shoulder, that he had several broken ribs, and when first examined that plaintiff was in a state of shock and mentally confused; that he was hospitalized from March 24 to 28, which is four days, during which time the physician found it necessary to visit him twice a day, and thereafter at plaintiff’s home the physician visited him once a day until April 12, and then less frequently until May 1, when the broken ribs were pronounced healed. This is evidently the date of the physician’s last visit or examination of plaintiff, since that is the date of his bill. Plaintiff claims residual disability in his shoulder, but this is not corroborated by his attending physician. Plaintiff testifies that he returned to his business part time, but was unable to resume full duties for a period of 90 days.
“Considering these injuries as outlined above, the court believes that an award of $3,500.00 is in line with Louisiana jurisprudence.
“Plaintiff has offered some evidence of reduction of business during the period of his disability, and that on account of such losses he was forced to give up his entire business. However, the court believes that this was not sufficiently proved to justify an award, and is rather in the realm of the speculative.
“Therefore, the court renders judgment in favor of plaintiff and against defendants in solido for the following:
$253.89 medical expenses
350.00 automobile damage
3,500.00 personal injuries, or
■- a total of
$4,103.89”
The quantum awarded does not appear to be contested by either party and as same seems just, it will be affirmed.
*456 Finding no manifest error in the judgment appealed from, the same is hereby affirmed.
Judgment affirmed.