114 So.2d 92 (1959)
Mrs. Elizabeth RICE, Plaintiff-Appellant,
v.
TRADERS & GENERAL INSURANCE COMPANY, Defendant-Appellee.
No. 4848.
Court of Appeal of Louisiana, First Circuit.
June 30, 1959.
Rehearing Denied August 31, 1959.
Leon A. Picou, John R, Rarick, St. Francisville, for appellant.
*93 Durrett, Hardin, Hunter, Dameron & Fritchie, Baton Rouge, for appellee.
Before ELLIS, LOTTINGER, and TATE, JJ.
TATE, Judge.
Plaintiff was involved in an intersectional collision on the afternoon of November 30, 1957, while riding as a passenger in a car driven by her husband. Alleging that the negligence of her husband caused the accident, Mrs. Rice brought this action against her husband's liability insurer to recover for personal injuries thereby sustained. By this devolutive appeal, she seeks an increase in the amount awarded by the judgment in her favor below.
In this court, the defendant moves to dismiss the appeal; and, reserving his rights under such motion, also answers the appeal, praying that the judgment below be reversed and plaintiff's suit dismissed and, alternatively, that the amount awarded plaintiff be reduced as excessive.
Motion to Dismiss.
The motion to dismiss the appeal is based upon the following circumstances: The trial court judgment was rendered on December 8, 1958. After the delays for suspensive appeal had expired, plaintiff on January 14, 1959, took this present devolutive appeal, without specifically restricting her appeal to the quantum. On January 21, 1959, by writ of fieri facias plaintiff caused execution of his judgment, the sheriff's return showing said judgment to be fully paid and satisfied.
The defendant contends that, by executing such judgment voluntarily, the plaintiff has acquiesced therein and no longer has any right of appeal. Code of Practice Art. 567. Earlier jurisprudence to such effect was, however, specifically overruled by our Supreme Court in Foster & Glassell Co. v. Harrison, 173 La. 550, 138 So. 99. Pointing out that the cited codal article provides that "the party against whom judgment has been rendered" cannot appeal if he acquiesces in the same by executing it voluntarily (C.P. Art. 567), the court held that a plaintiff does not lose his right to appeal from a judgment in which all of his claim was not allowed, if he proceeds to secure execution of that portion of the monetary demand for which defendant is cast. See also State v. Bernard, 204 La. 844, 16 So.2d 454; Merrill v. Louisiana Materials Co., 187 La. 259, 174 So. 349; H. F. Hinricks & Son v. Lewis, 180 La. 898, 158 So. 11; Trimble v. Employers Mut. Cas. Co., La. App. 1 Cir., 32 So.2d 479.
The motion to dismiss is denied.
On the merits, the issues of this appeal involve (a) the negligence of the defendant's insured and (b) the quantum.
Negligence.
The facts show that the Nash automobile driven by defendant's insured and in which plaintiff was riding as passenger was, prior to the accident, approaching an intersection on an unfavored street. Its entrance into the intersection was inhibited by "yield" stop signs. Defendant's driver came to a complete stop, made observation to his left and then to his right, and then proceeded into the intersection, towards which a car driven by one Aime was also approaching on the superior thoroughfare and from the left of defendant's car.
Although Aime's car was approaching at a speed in excess (5-15 mph) of the legal speed limit, we think that the trial court correctly decided that a proximate cause of the accident was the negligence of defendant's driver in failing to perceive the oncoming Aime vehicle on the right of way street and in his subsequent entrance into the intersection when Aime was in such close proximity thereto and in derogation of Aime's superior right of way. Janice v. Whitley, La.App. 1 Cir., 111 So.2d 852; Johnson v. Southern Bell T. & T. Co., La. App. 1 Cir., 106 So.2d 22; Lumber Mutual Fire Ins. Co., v. Kemp, La.App. 1 Cir., 102 So.2d 248; Varisco v. Taramino, La.App. 1 *94 Cir., 101 So.2d 453; Oswalt v. Transcontinental Ins. Co., La.App. 1 Cir., 96 So.2d 233. The negligence of the driver is not imputable to plaintiff, his passenger, who was entitled to rely upon her driver's lookout and care in the absence of unusual circumstance not present in this case. Rodriguez v. State Farm Mut. Ins. Co., La.App. 1 Cir., 88 So.2d 432.
The trial court in our opinion therefore correctly held the defendant insurer liable to plaintiff for the damages sustained by her in the accident resulting from the negligence of the defendant's insured, her husband.
Quantum.
The trial court awarded plaintiff the sum of $1,500 for her personal injuries resulting from the accident.
She is a lady 64 years of age. The medical testimony is uncontradicted that she had high blood pressure and an osteoarthritic condition of the spine pre-existing the accident. As a result of the accident, she sustained a mild soft-tissue sprain of the spinal area. However, because of her preexisting condition (including some degree of overweight) and her age, the effects of the sprain persisted some 6-7 months, during which time she also suffered from intermittent pain and discomfort as a result of a flare-up of the arthritic condition.
The defendant's liability for any traumatic aggravation of a previously dormant condition is of course unquestioned. See, e. g., Peppers v. Toye Brothers Yellow Cab Co., La.App. Orleans, 198 So. 177. And if indeed the aggravation of the arthritic condition were as permanent and as painful as plaintiff's able counsel contends, undoubtedly she would be entitled to a greater award.
Since the x-rays showed no objective changes in the arthritic condition along plaintiff's spine between the date of the accident and the date of the trial, all specialists agreed that a determination of whether the arthritic condition had been aggravated as a result of the accident essentially depends upon an evaluation of the validity of the subjective complaints of pain by the plaintiff. Further, following termination of what the trial court held to be a temporary accident-caused flare-up of her arthritis and sprain, such pains as the claimant may then have noticed might also under the medical evidence be attributable to other causes, such as: a gall bladder condition, a subsequent minor accident, and/or her age and the natural progress of her bodily conditions.
Considering these circumstances, and also the superior position of the trier of fact to evaluate a claimant's complaints of pain, the award of the district court herein is found by us to be within his discretion and neither manifestly inadequate nor manifestly excessive. See, e. g., Fabre v. Grain Dealers Mut. Ins. Co., La.App. 1 Cir., 99 So.2d 380, 381; Green v. Southern Furniture Co., La.App. 1 Cir., 94 So.2d 525; Leger v. Southern Furniture Co., La.App. 1 Cir., 94 So.2d 529. Cf., Land v. Colletti, La.App. 1 Cir., 79 So.2d 641.
For the above and foregoing reasons, the judgment of the District Court is affirmed.
Affirmed.
TATE, Judge (concurring.)
In my opinion, a third and further issue is presented to us by the pleadings by the circumstance that the trial court, after awarding the sum of $1,500 for personal injuries to the plaintiff, amended the judgment so as to allow the defendant insurer credit for the sum of $200. This amount was paid by and on behalf of Aime, the other motorist, and his insurer, State Farm Mutual Automobile Insurance Company, to both plaintiff and her husband by a "covenant" not to sue.
The majority has concluded that the issue of whether or not credit should have been allowed is not before us, since the plaintiff-appellant did not complain of the allowance *95 of such credit nor specify it as an error committed by the trial court. While this court does have the power to raise of its own motion this issue presented to us by the pleadings, I have come to the conclusion that the majority has correctly decided that the better appellate practice under the circumstances of this case would be not to consider this important issue of first impression in this court, which is not raised by the appellant and not briefed by either party.
However, the question of whether a tortfeasor cast in damages should be allowed credit for a settlement received from a stranger to the proceedings is one of some importance in everyday practice which, strangely enough, has never been squarely passed upon by any Louisiana appellate court (with the qualifications below to be noted). Therefore, in the interest of pointing up the issue for purposes of future consideration should the question be properly raised in subsequent litigation, I deem it not inappropriate to state why, in my tentative opinion, such credit was improperly allowed. It must be emphasized that the views expressed are those of the writer alone, and do not necessarily reflect the views of any other member of this court.
Under the terms of the covenant not to sue executed by plaintiff and her husband (who is not a party to this suit, being defendant's insured) they received the sum of $200 in return for their agreement "to forever refrain and desist from instituting or asserting" any claim against Aime or State Farm for injuries or damage arising out of the accident. In paying this sum, Aime and his insurer expressly denied that any negligence on their part caused or contributed to the accident in question.
The present defendant insurer was apparently allowed credit for the payment made by the other insurer on the theory that they were, as joint tortfeasors, solidary debtors; and that as such, defendant was entitled to deduct any payment made by another joint tortfeasor under LSA-C.C. Art. 2203. See State Farm Mut. Auto. Ins. Co. v. Bourne, 5 Cir., 1955, 220 F.2d 921, in which such is assumed without discussion to be the law.
LSA-C.C. Art. 2203 provides:
"The remission or conventional discharge in favor of one of the codebtors in solido, discharges all the others, unless the creditor has expressly reserved his right against the latter.
"In the latter case, he can not claim the debt without making a deduction of the part of him to whom he has made the remission."
In so allowing credit to the present tortfeasor for the payment made to plaintiff by another not a party to the present suit, in my tentative opinion our learned trial brother fell into error.
As summarized by Judge Ayres, of the Second Circuit, in his exhaustive and scholarly summary of the jurisprudence pertaining to a similar question in Kahn v. Urania Lumber Co., La.App., 103 So.2d 476, at page 478: "The general rule of law well established in the jurisprudence of this State is there is no right of contribution between joint tort-feasors, unless and until they have been condemned in a judgment in solido, and then only in favor of the joint tort-feasor who has paid the damages awarded. Quatray v. Wicker, 178 La. 289, 151 So. 208; Aetna Life Ins. Co. v. De Jean, 185 La. 1074, 171 So. 450 * * * [Other citations omitted]". Or, as summarized by a leading practitioner in a scholarly review of the jurisprudence over the past 130 years, "there is no contribution between joint tort-feasors where the injured does not assert the right against both; the sued cannot enforce contribution from the one not sued," Holloman, "Contribution between Tort-feasors: Treatment by the Courts of Louisiana", 19 Tul.L.Rev. 254 at 262.
The cases cited by these sources demonstrate, for instance, that this rule holds true even if the alleged joint tortfeasor *96 from whom contribution is sought was originally joined as codefendant but settled with the plaintiff prior to judgment against the codefendant alone (Sincer v. Bell, 47 La.Ann. 1548, 18 So. 755), or if such party is dismissed from the suit and plaintiff does not appeal from such dismissal but proceeds against the codefendant alone (cf., Spanja v. Thibodaux Boiler Works, La.App.Orleans, 37 So.2d 615).
The principle to be drawn from this jurisprudence (see especially the De Jean and Quatray cases, above cited) is that two parties who could be charged withand who indeed actually may bejointly negligent in the causation of a tort, may not for purposes of contribution be held solidarily liable as joint tortfeasors, unless judicially determined to be such in a suit brought by the plaintiff impleading both. Logically, there seems to be little reason why a different rule than in the case of contribution should apply so as to allow credit to one tortfeasor for payments made to the injured person by a stranger to the proceedings.
In short, following the rationale of the above cases, although LSA-C.C. Art. 2203 allows one solidary debtor credit for payments made by another, it does not apply unless in adversary proceedings between the payor and the injured person it is judicially determined that indeed the payor is a joint tortfeasor solidarily liable. (In the present suit, the trial court held that Aime was jointly negligent; but he or his insurer were not joined as codefendants by the plaintiff, nor were they represented by counsel herein.[1])
While of course equitable arguments can be advanced in favor of allowing credit to one judicially held to be a tortfeasor for payments by others potentially liable, in the last analysis such payments made by third persons are not actually paid to satisfy any damages. To the contrary, they are made with the express declaration that they are not done with such purpose, but simply to purchase a freedom from suit. It may well be argued that, no more than a payment for purchase of a house or a piece of furniture by a third party to the injured person, should the tortfeasor receive the benefit of payments made by strangers, in the absence of a determination in adversary proceedings that such stranger is actually solidarily liable to the injured person with the defendant seeking to obtain the advantage of such payment.
At the outset of this discussion I stated that no Louisiana appellate decision has passed upon this question, with certain qualifications now to set forth below. The following are the only cases I could find which touched upon the question.
A complicated and unusual release and subrogation agreement was involved in Landry v. New Orleans Public Service, 177 La. 105, 147 So. 698 (reversing the Orleans Court, which had held same to have been a release of all joint tortfeasors, La.App., 142 So. 213), (on remand) 149 So. 136, 137. The Supreme Court specifically remanded the case for the court of appeal to determine whether the insured (on whose behalf the sum of $2,500 was paid to obtain a release from the parents of his injured minor passenger) was a joint tortfeasor with the defendant cast, "and, if he is found to be such, whether the judgment rendered against either or both of the defendants should be credited with the $2,500" previously paid to the plaintiff therein by a *97 non-defendant insurer, 147 So. 698, 701. Without discussion, on the remand the court of appeal allowed the tortfeasor cast for $4,000, credit for the amount of $2,500 received by the plaintiff by the prior settlement with the insurer of a person held to be a joint tortfeasor.
This result, however, may be explained by the unusual release and subrogation agreement involved. Under the terms of same, the insurer-payor was subrogated to the cause of action and to be reimbursed for the amount paid ($2,500) from any sums to be recovered from the defendants, the excess thereover to be paid to plaintiff and his attorneys. Thus, in disallowing recovery up to $2,500, the court was in effect simply reaffirming the rule that ordinarily one joint tortfeasor cannot recover from the other, since they owe no duty to one another.
In Middleton v. Rheem Mfg. Co., La.App. Orleans, 34 So.2d 271, and Brousseau v. Rheem Mfg. Co., La.App.Orleans, 34 So.2d 273, the lower court had allowed credits of $500 and $1,000 respectively for amounts received by way of prior settlement from third persons. Plaintiffs' answers to the appeal requested disallowance of such credit; but could not be considered by the court since not timely filed.
In Vidrine v. Southern Farm Bureau Cas. Ins. Co., La.App. 1 Cir., 105 So.2d 279, and in Lewis v. Travelers Indemnity Co., La.App. 2 Cir., 81 So.2d 178, the trial courts allowed credit to defendant insurers cast in judgment for sums received by plaintiffs by settlement from other insurers. In the absence of complaint by the plaintiff in the Vidrine case, such credit was affirmed without discussion. Likewise, in at least one other case the trial court did not allow a defendant insurer credit for sums received by plaintiff by way of compromise from the insurer of another tortfeasor, and the insurer-appellant apparently acquiesced in the determination that such credit was not allowable and did not raise the question of allowability thereof on appeal. See briefs, Dillon v. Pope, La.App. 1 Cir., 110 So.2d 229.
It can thus be seen that in the isolated instances where credit has or has not been allowed for a prior settlement by plaintiff with another not a party to the suit, such credit has either been allowed or disallowed without discussion and without consideration in the light of Sincer v. Bell, supra cit., and the related jurisprudence as to whether a party held to be a tortfeasor can receive the benefit of a payment received by the plaintiff from a stranger to the proceedings, in the absence of a judicial determination in adversary proceedings involving both the plaintiff and the stranger that the latter is indeed solidarily liable with any other party held to be a tortfeasor.
For the reasons stated, I am strongly inclined to think that credit should not be allowed a tortfeasor for payments made a third party to the proceedings which are expressly not made in payment of damages.
However, I recognize that the question is close, and have set forth these views with the full knowledge that, as in the question of whether a release given to one party without reservation of the right to sue other parties operates as a discharge of all tortfeasors, it may well be that a proper construction of LSA-C.C. Art. 2203 could permit the court to allow a tortfeasor credit for a payment received by the injured person from a third person, upon the court's determination that such third person was indeed a joint tortfeasor and even without the joinder thereof in the proceedings. Cf., Guarisco v. Pennsylvania Cas. Co., 209 La. 435, 24 So.2d 678.
I am inclined to think, however, that such a construction would unnecessarily inject into a lawsuit between an injured person and an alleged tortfeasor, what is the equivalent of yet another lawsuit (i. e., the issue of whether the settler was also negligent quoad the plaintiff) which the settlement was supposed to have obviated the necessity for judicial determination thereof.
NOTES
[1] The court made this finding as to the negligence of Aime pursuant to request of counsel for Aime at the outset of the trial herein. By another suit on the clerk's docket, Aime was claiming $94.76 car damage from the present defendant, as Mr. Rice's insurer, and his counsel stated his willingness to abide by a determination of the trial court herein as to whether or not Aime was entitled to recover. Thereafter, counsel did not participate in the present trial, nor were there any adversary proceedings as between the present plaintiff and Aime (or his insurer) to determine whether Aime had violated any duties to her so as to be liable to her.