DOMENGEAUX, Judge.
This is a suit in tort resulting from an automobile collision on May 27, 1966, in St. Bernard Parish between an automobile operated by plaintiff Janice Stone and owned by the community existing between Mrs. Stone and her husband Angus and one owned by Wilbert Rapp, which was being driven by his minor son, Edward.
The accident occurred at or near the intersection of Coffee Drive with St. Bernard Highway. St. Bernard Highway is a 4 lane thoroughfare separated by a neutral ground and runs generally east and west, while Coffee Drive runs generally north and south. Mrs. Stone traveling south on Coffee Drive approached its intersection with St. Bernard Highway and after ascertaining that it was safe to do so, proceeded into the neutral ground of St. Bernard Highway and stopped her vehicle to wait until traffic cleared. While in that position the Rapp vehicle which was traveling west on St. Bernard Highway struck the Stone vehicle generally on the left rear side giving rise to this lawsuit.
Mrs. Stone seeks damages for personal injuries and Mr. Stone joins his wife in seeking special damages for medical and drug bills and property damage to the community vehicle. Made defendants are the minor Edward Rapp and his father Wilbert Rapp, together with Grain Dealers Mutual Insurance Company, the liability insurance carrier of the Rapp vehicle. Defendants filed answer and reconventional demand alleging that the collision was caused by the exclusive negligence of Mrs. Stone. Alternatively they plead the contributory negligence of Mrs. Stone as a bar to plaintiffs’ recovery.
The trial judge ruled that the accident was caused solely by the negligence of defendant Edward Rapp and granted judgment to Mrs. Stone for disability, pain and suffering in the amount of $2,500.00 and to Mr. Stone in the amount of $235.48 for special damages, and dismissed defendants’ reconventional demand. From this adverse judgment the defendants have effected a suspensive appeal to this court which is limited to the issue of quantum. They concede that the accident was due solely to the fault of Edward Rapp, but they contend that the lower court award to Mrs. Stone is excessive and should be reduced to the sum of $500.00.
At the time of the accident Mrs. Stone was the owner and operator of a beauty salon, and actively worked as a beauty operator in her place of business. The evidence shows that Mrs. Stone began having severe neck and low back pains shortly after the accident and was treated at the St. Claude General Hospital the next day where she was administered medication. Inasmuch as her pain continued, on June 8, 1966, she sought the medical services of Dr. David Aiken, a physician and general surgeon. The doctor received a history *276 from her and after examination, diagnosed Mrs. Stone’s injuries as a bruise of the left kneecap with no internal derangement or other damages to the knee, a mild to moderate cervical sprain and a moderate lower dorsal, lumbar and sacroiliac sprain, together with contusions of the right eyebrow and left lumbar region. It was shown that Mrs. Stone was quite heavy, being only 5 feet tall and weighing some 200 pounds. The doctor concluded that her injuries resulted from the accident of May 27, 1966, and advised her to discontinue temporarily her beauty salon endeavors and ordered bed rest with a board under her mattress. He prescribed medicine for pain and muscle spasm and instructed her to use long hot tub baths, an electric heating pad to neck and lower back, and also physiotherapy consisting of ultrasound, massage and diathermy for approximately 1 month. She responded to treatment as time progressed. Dr. Aiken saw her again on June 15, 22 and July 12, 1966. On July 12 there still remained some tenderness and spasm in the neck and shoulder area, however the low back region, then for the first time, was negative for spasm and tenderness. The doctor conditionally discharged her at that time with instructions to return should she continue to have pain in the neck or low back area. Mrs. Stone did not return to Dr. Aiken for further examination until June 16, 1969, at which time she related that since her conditional discharge on July 12, 1966, she had suffered intermittent low back pain, particularly when she stood for long periods and during the times when she was engaged in attending to her beauty parlor patrons which necessitated vigorous arm and shoulder motion during hair washing maneuvers. The June 16, 1969 examination was in preparation for trial.
Dr. Aiken felt that even though he had conditionally discharged her on July 12, 1966, it was possible that she would continue to have episodes of pain particularly due to over-use of the low back or following very slight strain or when fatigued. He also thought that further evaluation might be in order after July 12, 1966, in view of the comparatively short time which had elapsed since the accident. From his final examination of June 16, 1969, he thought that her complaints of pain in the neck and low back area were sincere and that her type of occupation could cause a continuation of aggravation in these areas. He felt that her latest complaint bore a direct relationship with the accident of May 27, 1966. He testified that low back injuries took much longer to heal in obese persons and that the continuation of her low back pain was primarily caused by her overweight condition. Be that as it may it is well settled that a tort-feasor takes his victim as he finds him. Rice v. Traders & General Insurance Company, La.App., 114 So.2d 92. Plaintiff, obese, or not, would not have suffered from back pain were it not for the injuries inflicted by defendant. Thus the fact that plaintiff’s obesity has contributed to the duration of her affliction is of no consequence and in no way relieves defendants of responsibility.
In view of all of the medical aspects of this case, including Mrs. Stone’s continued complaints and the testimony of Dr. Aiken, we do not feel disposed to disturb the trial court’s judgment.
The trial court has great discretion in fixing general damages for personal injuries and his award will not be disturbed in the absence of a clear abuse of his discretion. LSA-C.C. art. 1934(3). Shephard v. Checker Cab Company, La.App., 230 So.2d 343, and cases cited therein. Considering the evidence in this case and the fact that our law requires each case of personal injury to be evaluated according to its own peculiar facts and circumstances we cannot say that the trial judge is guilty of manifest abuse of his discretion in fixing the damages as he did. Richard v. American Oil Company, La.App., 213 So.2d 158; Desselle v. Wilson, La.App., 200 So.2d 693.
For the reasons set forth the judgment of the trial court is affirmed. Cost of this appeal to be assessed against appellants.
Affirmed.